**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

FILED
NOV 18 2011

| United States District Court | District **Middle Dist. of N.C. (Greensboro)** |
|---|---|

| Name (under which you were convicted): **Marcellus Thomas** | Docket or Case No.: **Civil#** _____ |
|---|---|

| Place of Confinement: **FCI Ashland**<br>**P.O. Box 6001, Ashland, KY 41105** | Prisoner No.: **23954-057** |
|---|---|

| UNITED STATES OF AMERICA | Movant (<u>include</u> name under which you were convicted) |
|---|---|
| v. | **Marcellus Thomas** |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   **The United States District Court**
   **Middle District of North Carolina**
   **324 W. Market St.**
   **Greensboro, NC 27401**

   (b) Criminal docket or case number (if you know): **1:08-CR-00003-WO-1 (1:08 cr 3-1)**

2. (a) Date of the judgment of conviction (if you know):
   **October 20, 2008/ (Found Guilty June 6, 2008, Count 2-13)**

   (b) Date of sentencing: **September 23, 2008**

3. Length of sentence: **(56) months**

4. Nature of crime (all counts): **(13) Counts For Violation of 26 U.S.C.§ 7206(2),
   Fraud and False Statements on Individual U.S. Income Tax Return(s)
   (Willfully Aiding & Assisting in the Preparation and Presentation
   of False Tax Returns)**

5. (a) What was your plea? (Check one)

   (1) Not guilty [X]     (2) Guilty ☐     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
   or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)     Jury [X]     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:

   (a) Name of court: **U.S. Court of Appeals For The Fourth Circuit**

   (b) Docket or case number (if you know): **08-4603**

   (c) Result: **Conviction Affirmed on All Counts**

   (d) Date of result (if you know): **August 6, 2010**

   (e) Citation to the case (if you know): **U.S. v. Thomas**, No. 08-4603, 2010 WL3070016 (4th Cir., Aug. 6, 2010)/ 391 Fed. Appx. 321

   (f) Grounds raised:

**Did the trial Court violate Mr. Thomas Sixth Amendment right to proceed at trial without the assistance of counsel when it forced appointed counsel on him despite his timely, voluntary, knowing and intelligent requests to represent himself?**

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒  No ☐

     If "Yes," answer the following:

     (1) Docket or case number (if you know): **10-6655**

     (2) Result: **Writ of Certiorari Denied**

     (3) Date of result (if you know): **November 15, 2010**

     (4) Citation to the case (if you know): **Thomas v. United States**, 178 L.Ed. 2d 444, 131 S.Ct. 610 (2010)

     (5) Grounds raised:

       **\* See Attached-[Questions Presented For Certiorari] herein incorporated on the next page by reference as Page 3(a), as an exhibit.**
       **\*\* Thomas ask this Honorable Court to adopt and incorporate by reference all attached pages, pleadings, documents, letters, declarations & affidavits into his §2255 Motion as part of the record in Granting Relief under §2255.**

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

   Yes ☒  No ☐

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: **U.S. Court of Appeals, Fourth Circuit**

     (2) Docket or case number (if you know): **08-4603 (4th Cir. 2010)**

     (3) Date of filing (if you know): **October 5, 2010**

EXHIBIT-1
(Part 9, subpart(g), **Grounds Raised**                    Page 3(a)

Marcellus Thomas respectfully petitions the court for a Writ of Certiorari to review the decision of the United States Court of Appeals for the Fourth Circuit.

## QUESTIONS PRESENTED

I.  Whether a defendant's waiver of the right to counsel is knowing, intelligent, voluntary, and unequivocal when it comes on the heels of a request for substitution of counsel as held by the Third, Fifth, Sixth, Seventh, and Eleventh Circuits, or whether such a request is not knowing, intelligent, voluntary and unequivocal, on the grounds that it is "manipulative" as held by the Fourth, Eighth, Ninth, and Tenth Circuits; and

II. Whether the Fourth Circuit violated firmly established Supreme Court Law by adding a determinative motivational prong to "knowing, voluntary, and intelligent" standard for the waiver of the right to counsel and to proceed *pro se* by a criminal defendant with no history of mental illness or competency issues?

## OPINIONS BELOW

The judgment of the District Court is unreported (App. 23a-28a).  The opinion of the Court of Appeals is also unpublished.  (App. 1a-21a).

## JURISDICTION

The judgment of the Court of Appeals was entered on August 6, 2010.  Petition for rehearing and rehearing en banc was denied on September 8, 2009 (App. 29a).  The jurisdiction of this Court is invoked under 28 U.S.C. § 1254(1).

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

The Fifth Amendment of the United States Constitution provides in pertinent part:

"No person shall be ... deprived of life, liberty, or property, without due process of law..."

1

(4) Nature of the proceeding: Motion to Recall & Stay the Mandate and to Amend the Judgment to Prevent Manifest Injustice

(5) Grounds raised: From Affirming an Illegal Sentence in Violation of the Constitution & lack of Jurisdiction.

1. The Trial Court lacked <u>Subject-Matter Jurisdiction</u> to enter a Judgment against Thomas.. after Trial Court Judge sua sponte, found the Government's evidence included "unsigned tax returns" that failed to meet the criteria of being "valid tax returns" under the laws of the Internal Revenue Code.

2. The Fourth Circuit Court of Appeals should Recall its Mandate and Amend its Judgment to Vacate the District Court's Judgment because the Trial Court below committed Reversible <u>Per Se Plain Error</u> (continued on page 4(a)).

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐ No ☒

(7) Result: Motion Denied, <u>without opinion, discussion of issues, or</u>

(8) Date of result (if you know): <u>consideration or litigation on the merits.</u>

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:  U.S. Supreme Court of America

(2) Docket or case number (if you know): 10-6655 (citation- 178 L.Ed.2d 878, 131 S.Ct. 1064 (Jan 24, 2011)

(3) Date of filing (if you know):

(4) Nature of the proceeding: Petition For Rehearing of Writ of Certiorari

(5) Grounds raised:

   * See Attached-[Substantial Grounds Not Previously Presented] herein attached & incorporated on the next page by reference as <u>Page 4(b)</u>.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐ No ☒

(7) Result: Rehearing Denied, <u>without discussion, litigation or opinion</u>

(8) Date of result (if you know): <u>given of issues and claims raised.</u>

January 24, 2011

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?          n/a

(1) First petition:     Yes ☐ No ☐    (Motion was filed in Fed. App. Court)

(2) Second petition:   Yes ☐ No ☐    (Motion was filed in Supreme Court)

(Part 11, subpart (a), **Grounds Raised**, continued..)


in Violation of Thomas' Fifth Amendment Constitutional Right; in
Violation of the Laws of the Supreme Court in <u>Stirone v. United
States</u>, 361 U.S. 212 (1960) & <u>United States v. Floresca</u>, 38 F.3d
706, 714 (4th Cir. 1994)(en banc) and to AFFIRM Thomas Conviction
on an **Unindicted Crime** would affect the fairness, integrity, and
public reputation of the federal judicial proceedings seriously
in this Court; and ... cause a **Miscarriage of Justice** if not
correct[ed] on appeal.

3. The District Court violated Thomas' Due Process rights by its
   actions which involved a "plain usurpation of power" and the
   Court's Judgment is therefore "void" under the Constitution
   and Laws of the Supreme Court and the Federal Rules of Civil
   Procedure 60(b)(4) and the Fourth Circuit should exercise
   its powers under [28 U.S.C.] § 2106 to Amend its final
   Judgment to prevent manifest injustice to the Appellant Thomas.

(Part 11, Subpart (b), **Grounds Raised** )

## TABLE OF CONTENT

SUBSTANTIAL GROUNDS NOT PREVIOUSLY PRESENTED ................... (i)

LIST OF THE PARTIES TO THE PROCEEDING BELOW ................... (ii)

TABLE OF AUTHORITIES ........................................ (iii)

OPINION BELOW ............................................... 1

JURISDICTION ................................................ 2

CONSTITUTIONAL PROVISIONS ................................... 2

STATEMENT OF CASE ........................................... 3

REASON FOR GRANTING REHEARING AND THE WRIT .................. 9

      1.   The Petitioner is now Suffering a Miscarriage of Justice
in violation of his Fifth Amendment right to the United
States Constitution when the Trial Court 'Usurped the
Power of the Grand Jury'... And Permitted the Jury to
Return a Conviction of Guilt for an Offense that was
never Charged in the Petitioners Indictment .......... 9

      2.   Whether the Court of Appeals for the Fourth Circuit
Judgment should be Vacated based on the Fact that
It Failed to Address the Petitioner's Raised Issues
of Trial Error as contained in his Pro Se Supplemental
Brief, and Denied to Reach the Merits of his Appellate
Claims without providing a basis in Law .............. 10

      3.   The District Court Lacked Subject-Matter Jurisdiction
over the case pursuant to 26 U.S.C.§ 7206(2) and Its
Judgment is Void Due to the fact that the Court Sua
Sponte found that the Purported "Tax Returns" as
contained in the Government's Evidence, Were Not
Quote "Tax Returns" under the Internal Revenue Code
Due to the Fact that they were 'Invalid', and they
were not Signed as required by Law ................... 11

      4.   The Government Committed Prosecutorial Misconduct
in Violation of the Petitioner's Fifth and Fourteenth
Amendment right by its Improper 'Vouching' of Witness
Credibility and Prejudicial and Inflammatory misstate-
ments of facts not found in the Record ............... 13

CONCLUSION .................................................. 13

CERTIFICATE OF SERVICE AND FILING ........................... 14

CERTIFICATE OF COMPLIANCE PURSUANT TO RULE 44.2 ............. 15

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly

why you did not: n/a - Petitioner Thomas' post conviction motions with respect to his Constitutional & Jurisdictional claims were never addressed or considered on the merits but neither the federal appellate, nor the Supreme Court.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Appellate Counsel rendered Ineffective Assistance of Counsel in Thomas' case in violation of of the Sixth Amendment by failing to Brief and Argue on Appeal that, the District Court "Constructively Amended" Thomas' Indictment in violation of his Fifth Amendment right by its Jury instructions & permitted the jury to convict Thomas of a crime not charged.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. Thomas Appellate Counsel, Eugene Lester, III, provided constitutionally deficient assistance under the analysis of Strickland v. Washington, 466 U.S. 668 (1984) and the Sixth Amendment, which also prejudiced Thomas' appeal as of right, when he failed to discover based on the record, that the District Court Judge, and Trial Court, impermissibly by its given jury instructions "broadened" the bases for Thomas' conviction beyond the elements and facts as contained in his Indictment.

2. Thomas Appellate Counsel Lester, omitted to brief and argue that the District Court Judge allowed the jury to convict Thomas of a charge surrounding Fraud & False Statements in violation of 26 U.S.C. 7206(2) of filing false "tax returns" or false "documents, or other documents" when his grand jury indictment specifically limited his conviction to only filing false "tax returns [U.S. Individual Tax Returns]" (continued next page)

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Claims of Ineffective Assistance of Counsel are usually not raised on appeal, Trial record was not complete on ineffective assistance of counsel claim, as such these claims per the 4th Circuit should be raise in §2255 Motion.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: n/a

Name and location of the court where the motion or petition was filed:

n/a

(Part 12, Ground One, subpart(a): Supporting Facts, continued)

Lester's failure to investigate the law and the facts, and to discover, brief, and argue on appeal that the Trial Court committed Per Se Reversible Error, in violation of Thomas' Fifth Amendment right under the Grand Jury Clause, was unreasonable and prejudiced Thomas in violation of his Sixth Amendment right to the effective assistance of counsel, when the record before him plainly and obviously showed that the district court judge "constructively amended" his indictment, thereby committing "fatal error" under the laws of the Supreme Court and controlling Fourth Circuit caselaw precedent as found in Stirone v. United States, 361 U.S. 212 (1960) and United States v. Floresca, 38 F.3d 706, 714 (4th Cir. 1994)(en banc).

Appellate Counsel Lester' representation was deficient, thereby falling way short and outside the wide range of competent professional representation in violation of Thomas' Sixth Amendment right when he omitted raising this stronger, "dead-bang winner" issued on appeal, as compared to the weaker and only single issue that he raised instead. Lester' failure to raise this issue was not a strategic decision coming after a thorough investigation of the law and facts with respect to other plausible options because he never research the issue after it was apparent and presented before him by his client Thomas, detailing for him places in the record, as well as, controlling precedent in support thereof. Thomas made Lester aware of this meritorious claim and issue on appeal but Lester ignoring his client Thomas request to raise this issue, instead wrote Thomas stating that his issues were without merit,

and that Thomas should raise them in a <u>Pro Se Supplemental Brief</u>.
See <u>Lester-No Merit Letter</u>, dated July 23, 2009, attached as
<u>EXHIBIT</u>:-B.

Thomas, after receiving Lester' "no merit" letter, being
confused as to why Lester abruptly filed the Opening Brief, and
failed to include this issue among others without any discussion or
consultation with Thomas surrounding the merits of the errors
of law and Constitutional violations that Thomas identified to
him via correspondence and on the telephone, wrote Lester on
August 5th, 2009, however warning Lester and cautioning him as
to instructions in his letter that Thomas "brief" his claims
for review, indicated that Lester may have mislead Thomas
because Thomas discovered and informed Lester that under the
Federal Rules of Appellate Procedure, Rule 28(c), "Unless
the court permits" apart from the intial brief and a reply brief,
"no further briefs may be filed." <u>See</u> <u>Thomas' Request for Support,</u>
<u>No Further Brief, Issues with Merit Letter</u>, dated August 5, 2009,
attached as <u>EXHIBIT</u>:-C. Thomas in that letter to Lester, earnestly
requested Lester' support as an "active advocate" to assist him in
having this "dead-bang winner" issue properly and successfully
before the appellate court. He asked him to file a notice to
the court of appeal, demonstrating his support for his client.
He also indicated to Lester that he requested <u>prior</u> to his letter
that Lester file an <u>extension of time</u> from the current briefing
schedule so that he and Thomas could discuss "identifiable errors
of law that took place during trial" which he stated would "warrant
the relief I seek." <u>See</u> <u>Id</u> at page 2. However, Lester never filed

(Part 12, <u>Ground One</u>, subpart (a): <u>Suppt. Facts</u>, cont.)

any notices or motions to the Fourth Circuit Court of Appeals,
as Thomas requested supporting his request to have permission
or leave to have the <u>omitted</u> meritorious issues, which Lester
deemed without review of the laws and facts, or the transcripts
surrounding this Fifth Amendment violation from the district
court' Judge William Osteen, Jr.' impermissibly "broadening"
of the bases for Thomas conviction beyond the essential elements
that were found in his grand jury indictment.  Lester never
corresponded with Thomas nor contacted him as Thomas requested.
Lester abandoned Thomas in his representation with respect to
the merits of his claims of serious trial error, and his specific
concern surrounding Fed.R.App.P 28(c).  Lester could have <u>himself</u>
after he reviewed the record and the controlling law on this
issue which was right in his face, indeed filed a motion in
the Court to Supplement his Brief even before the Government
filed its <u>Response</u> <u>Brief</u>.  Indeed, it was before him before he
chose to brief his <u>single weaker issue</u>, over Thomas' "Constructive
Amendment of the Indictment" claim which would have resulted in
an "automatic reversal" of all the charges.  He did <u>nothing</u>,
although he had a duty under the Constitution to support Thomas
as an "active advocate" and to "press and present" his client's
request.  Lester' errors based on these facts were so constitutionally
deficient.

Lester' errors were so serious that they denied Thomas his
Sixth amendment right to effective assistance of counsel.  Due to
Lester' acts and omission with respect to this claim as found in

(Part 12, <u>Ground One</u>, subpart (a): <u>Suppt. Facts</u>, cont.)

<u>Ground One</u> herein, he has rendered Thomas' appellate proceedings
fundamentally unfair and unreliable and therefore, undermined
the confidence in the outcome of such proceedings on appeal.

3.    Thomas, without effective assistance or consultation from
Lester with respect any meaningful discussion with regard to
Appellate Procedure concerning the filings of "pro se supplemental
briefs" or any discussion on the law on the matter, except that
Lester informal letter directing him to raise this strong and
meritorious from both the <u>record</u> in Thomas' case, as well as
<u>supportive law</u> shoeing and establishing "beyond doubt" that
this issue would warrant a "REVERSAL" on appeal, finally briefed
this issue among with (7) other issues, with a supportive
**a**ppendix to the Fourth Circuit Court of Appeals on October 27,
2009.  <u>See</u> <u>United States v. Thomas</u>, No. 08-4603, (Doc.94, 95, 96)
(Aug. 6, 2010).  The Court on the same day filed the motion and
issued an ORDER "deferring action on Motion to file Supplemental."
<u>See</u> (Doc. 97).

     Thereafter, Lester informed Thomas that the Fourth Circuit
has scheduled his case for "<u>Oral Arguments</u>" to be had on May 12,
2010.  Thomas called Lester on May 10, 2010, from FCI-Ashland,
monitored telephone, and **formally requested that Lester-"press,**
**argue, discuss, and present"** this claim surrounding Thomas'
Fifth Amendment violation at Oral Argument.  Thomas also
noted the same in a <u>certified letter</u> also dated on May 10th, 2010.
<u>See</u> <u>Oral Argument Discussion Letter, Stronger Issues, Fraud</u>, attached
as <u>EXHIBIT</u>:-D.  In the letter Thomas mentions all the supporting
case law on this claim as well as other claims which were "dead-bang
winners."  <u>Lester told Thomas he would raise them, but he never did.</u>

(Part 12, Ground One, subpart (a): Suppt. Facts, cont.)

Thomas, being astonished and upset at Lester' derelict and willful failure to argue before the Fourth Circuit his much stronger and meritorious claims, wrote Lester a 2nd Letter on June 9, 2010.

In this letter, which is attached to this herein motion as EXHIBIT:-E, Request For Answers, Refusal to Brief & Argue, Formal Complaint Letter; Thomas requested that Lester **Answer in Writing**, with respect to this claim of Ineffective assistance of counsel for failing to raise, brief and argue on appeal the Trial Court, and Judge Osteen, Jr' "Constructive Amendment of his Indictment." See Id at pg. 2-3, June 9, 2010. A review of this Letter by Thomas will show this Honorable Court that Thomas mentioned that Lester has rendered ineffective assistance of counsel, and that Thomas letter was a formal complaint. In the letter it Thomas states, and it shows that Lester "failed to file and brief [Thomas' meritorious] issues" and that Lester also failed to "discuss my position and your position on [those] matters." See(Id at pg. 1). Thomas mention in the letter that under the Supreme Court' holding in Anders v. California, Lester was required to present Thomas' non-frivolous claims on appeal, and that Lester' representation failed below the Strickland standard. Thomas informed Lester that the "Constructive Amendment of the Indictment" in Thomas case was demonstrated in numerous points of the trial record, and put Lester on notice that he was **never indicted for filing false "documents"** and told Lester that this was an "egregious violation of his Fifth Amendment right", "automatic per se reversal", and a "structural defect that affected his substantial rights." See EXHIBIT:-E, at pg. 4, citing U.S v. Floresca, 38 F.3d 706, 714

(Part 12, <u>Ground One</u>, subpart (a): <u>Suppt. Facts</u>, cont.)

(4th Cir. 1994)(en banc). Thomas also mentioned in the letter in much detail other powerful and meritorious claims that Lester omitted from Thomas' Appeal Brief. This Letter also indicates that Thomas complained that counsel did not return and was "avoiding" his calls on these matters. The <u>record</u> of this letter, which is to be considered before this Court in granting Thomas relief, and supporting the merits of Thomas' constitutional claim that his appellate counsel Lester rendered ineffective assistance of counsel, see <u>Rule 7, Rules Governing Section 2255 Proceedings</u>; see also <u>Verification of Exhibits Declaration and Affidavit</u>, stating the accuracy and authenticity of Thomas' letters, documents, transcripts, and exhibits, attached to his Memorandum of Facts, Points & Legal Authority incorporated and filed in conjunction to this herein Motion under § 2255; also mentioned Thomas' concern about Lester's failure to have all Thomas' claims before the Fourth Circuit "propertly" in light of Fed.R.App.P Rule 28(a)(9) and sought Lester to "actively" pursue and make sure that these matter including this claim of "constructive amendment" would be truly addressed on the merits. Indeed, as shown in the letter, Thomas requested Lester to even file a motion under F.R.A.P 27(f)-Motion for Summary Acquittal & Reversal based on the "obvious errors of law on the record", to overcome any possible "procedural default. <u>See Id</u> at pg. 7, June 9, 2010.

However, Lester took no action at all to rectify or cause Thomas' 5th Amendment claim to be presented before the court and instead wrote and state that "you are allowed.. an additional brief" and that "All issues and briefs submitted should be considered" <u>See</u> <u>EXHIBIT:-F, Submission of Additional Brief Allowed Letter</u>.

Thomas now shows these additional following facts from the record to prove on the merits that this omitted claim, which reveals that the Trial Court violated Thomas' Fifth Amendment Right by "Constructively Amending" his Indictment, and thereby proving his claim of Ineffective Assistance of Counsel by Lester's failure to raise this "Dead-bang Winner" Arguement on Appeal.

4.   The Trial Court initially prior to the start of trial discussed the applicable law and jury instructions in light of Thomas' indictment specifically limited his charge surrounding the element of conviction  with respect to "tax returns" only as construed in the statute under Title 26, U.S.C. 7206(2). He also stated that , it was not necessary to track the other language of the statute to include document, affidavit, claim, etc., and both the government's counsel and Thomas agreed with the Court. (See Trial Tr.,June 2, 2008, pg. 68-69).

After the trial started, and the Government began introducing and presenting it's evidence of "tax returns", Thomas advised counsel to object to the admissability of such purported "tax returns" due to the fact that the defense observed that the "returns" were not "valid" "returns" under the Internal Revenue Code, due to the fact that they were not signed, and as such failed to meet the criteria of a valid "tax return" by Internal Revenue Code and the laws of the Supreme Court. (See Trial Tr., June 2, 2008, pg. 83-120)

The Trial Court overruled the defense objection and thought

(Part 12, <u>Ground One</u>, subpart(a): <u>Supporting Facts</u>, continued)
the purported returns were "authentic" and relevant and never

made the government prove in fact that the returns were valid

or if they lawfully satisfied the Code's statutory requirement.

beyond the preponderance of the evidence, his claim of I.A.C.

due to Counsel's failure to raise the issue on Appeal, there is

a reasonable probability  that the 4th Circuit would have

<u>reversed</u> his conviction on all counts..

However, over his own objection, the District Judge, on

June 4, 2008, discussed on the record its decision to amend and

eventually "broaden" the initial jury charge discussed on the

record and given to the jury at the beginning of the Trial. His

new "opinionated" instructions introduced a new element of

conviction that surrounded a charge and conviction based on the

filing of false and/or fraudulent "documents". which as the Court

initially observed before trial, was never found in Thomas'

indictment. (See Trial Tr., June 4, 2008, pg. 163-165)

5.   The Trial Judge, on June 4, 2008, stated to both counsel's

his thoughts that he had regarding"changes to the jury

instructions." With respect to such changes, he stated the

following on the record:

> "We limited the instructions in the preliminary instructions
>
> to the preperation and presentation  of the 'tax returns'".

He also stated that based upon some of the evidence

presented "that even if it was a quote 'tax return' within the

official meaning of the Internal Revenue Service that it certainly

was a 'document'." He also noted that they failed to meet the

filing requirement because "they certainly weren't signed...".

(See Trial Tr., June 4, 2008, pg. 164-165)

On June 5, 2008, at the charge conference, and thereafter, the Trial Court Judge Osteen "in violation of Thomas' Fifth Amendment Rights", amended Thomas' Indictment and included in the final instructions before the jury a "broader" bases, and additional elements of a returned conviction based upon a finding of guilt on a charge of filing <u>either</u> false and fraudulant "tax returns" or "documents" in violation of Thomas' Fifth Amendment Right. (See Trial Tr., June 5, 2008, pg. 51-53)

6.    The Trial Judge in committing this "fatal error" violated Thomas' substantial rights under the Fifth Amendment of the Constitution by expanding the basis of the conviction, on the unfounded charge of filing false "documents". These erroneous instructions were included in the "<u>Good Faith Instructions</u>". (See Trial Tr., June 5, 2008, pg. 152) (which were never given); To the "<u>Similar Act Instructions</u>" (See Trial Tr., June 5, 2008, pg. 142-144) and the <u>Final Instruction</u> at the end of trial. (Trial Tr., June 5, 2008, pg 206-210) which such charge is absent, and was not presented in Thomas' Indictment. (See <u>Indictment</u>)

7.    The Record demonstrates that the Judge presented into the record, before the Government and the Defense a new expanded and amended charge against Thomas. (See Trial Tr., June 5, 2008, pg. 147

<u>The Court</u>      Mr. Thomas has been charged with aiding and abetting the submission of false material, false information in a <u>tax return</u> or other <u>document</u> submitted to the Internal Revenue Service

8.    Thomas made Lester aware of this obvious "fatal", plain and

indeed "structural error" in the trial process even <u>before</u> Lester
filed his Appellate Brief, but was told to raise his issues in a
pro se brief by letter. (See No Merit Letter, Exhibit B). Lester
made a conclusirary statement <u>without</u> reviewing the Law of Facts
that Thomas' issues were without merit. (See No Merit Letter,
Exhibit B). Lester also knew or should have known by the
supporting <u>record</u>, as well as <u>legal authority</u> that this issue was
raised in Thomas' 3rd Motion for Bail Pending Appeal, which was
one of the "substantial questions" raised in Thomas' Motion to
be released on bail pending Appeal. (See 3rd Motion for Bail
pending Appeal)

9.   Despite what the Grand Jury charged Mr. Thomas in its
returned Indictment, the Trial Court Judge, in construing the
evidence presented at trial, made an opinion on its own by
constructively amending and expanding the charges against Thomas
for which he was never under the 5th and 6th Amendment put on
notice for. The Court's actions deprived the Defendant Thomas the
right to defend himself. The defense could only prepare for the
charges presented in the Indictment that was returned by the
Grand Jury.

     Mr. Lester, Thomas' Appellate Counsel, failure to <u>investigate</u>,
and <u>raise</u> this obvious "dead-bang winner" issue, which was known to
him and repeatedly discussed by Thomas' Appellate Brief, and which
was known to him before and after Oral Arguements was objectively
unreasonable derelict representation. The action's of Appellate
Counsel was not strategically made. After a thorough investigation
of Law and Facts.

Wherefore, if not for, Counsel's unprofessional and serious errors. The result of these proceedings would have been different.

Additional facts and Supportive Law with respect to this claim for relief are provided in the <u>Memorandum of Facts, Points and Authorities</u>, which accompanies this Motion. The Petitioner asks that these facts be incorporated by reference into this motion as if the facts were fully stated in this motion.

Docket or case number (if you know):          n/a

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):          n/a


(3) Did you receive a hearing on your motion, petition, or application?

  Yes ❑  No ❑          n/a

(4) Did you appeal from the denial of your motion, petition, or application?

  Yes ❑  No ❑          n/a

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

  Yes ❑  No ❑          n/a

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

  n/a

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue:          n/a


**#2) Thomas' Appellate Counsel Rendered Ineffective Assistance of Counsel when he failed to brief and argue on appeal that the trial Court abused its discretion when it denied Thomas' Motion for Judgment of Acquittal, by finding that Thomas acted "willfully" in violation of the law and for not arguing that there was insufficient evidence to support Thomas conviction**

GROUND TWO:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**See attached Memorandum of Law with points and Authorities.**

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ❏   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

Ineffective Assistance of Counsel should be raised in a motion under 2255, U.S.C. 28.

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ❏   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

n/a

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ❏   n/a

    (4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   n/a

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:      *n/a*

**GROUND THREE:**    Thomas Trial and Appellate Counsel's rendered Ineffective Assistance of Counsel, when the Trial Counsel failed to object to the Prosecutors Misconduct during the Closing Arguments from Statments which Prejudiced Thomas from a Fair Trial & Appellate Counsel failed to raise issue on Appeal.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

See attached Memorandum of Law with supporting facts and legal authority

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

*Record not complete on Ineffective Assistance of counsel claim. Should raise claim under 28 U.S.C. 2255*

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒        *n/a*

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):        *n/a*

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

n/a

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

n/a

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

n/a

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

        Record not complete on Ineffective Assistance of Counsel claim. Should raise claim under 28 U.S.C. 2255.

(c)  **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:    n/a

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):    n/a

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:    n/a

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

Result (attach a copy of the court's opinion or order, if available):

n]a

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:       n/a

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

n/a

**GROUND FOUR:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Record not complete on Ineffective Assurance of
Counsel claim. Should raise claim under 28 USC 2255

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

n/a

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

n/a

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

n/a

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue:                               n/a

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?

If so, which ground or grounds have not been presented, and state your reasons for not

presenting them:

```
                    Ineffective Assistance of Counsel Claims have
                    not been raised before any court.  Claims of
                    Ineffective Assistance should be raised in §2255 motion.
```

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court

for the judgment you are challenging?       Yes ❑   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of

proceeding, and the issues raised.

15.  Give the name and address, if known, of each attorney who represented you in the following

stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:   **William Trivette, Fed. Public Defender**
**301 N. Elm St. , Ste 410**
**Greensboro, NC 27401**

(c) At trial:   **Robert A. Broadie, Carolina Legal Solutions**
**2807 Earlham Pl.**
**High Point, NC 27263**

(d) At sentencing:
**Robert A. Broadie,**

(e) On appeal:   **Eugene E. Lester, III**
               **Sharpless & Stavola, PA**
               **200 S. Elm St. Suite 400**

(f) In any post-conviction proceeding: **Greensboro, NC 27402**

        **n/a**

(g) On appeal from any ruling against you in a post-conviction proceeding:

        **n/a**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☒ No ☐    **(12) counts in this case**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

            **n/a**

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☐

                **n/a**

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

```
n/a - Motion was filed within (1) year of
      Petitioner's Denial of a Writ of Cert.
      by Supreme Court (Nov. 15, 2010).
```

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: **Vacate and Reverse Thomas'**
**Conviction on all Counts** Due to violations of his Constitutional Rights
under either the **Fifth**, **Sixth**, **Eight** and **Fourteenth Amendment**, as the
Movant has been convicted and sentenced in violation of the U.S. Constitution.
See 28 U.S.C. 2255 or vacate Thomas conviction on all
~~or any other relief to which movant may be entitled.~~ Counts and Grant Judgment of Acquittal,
of by finding that the district court
judgment is void due to lack of subject matter jurisdiction, after holding
this motion, its pleadings under a less stringent stardard on all Thomas'
claims and therefore accordingly
issue an ORDER for his Discharge. ~~(Signature of Attorney (if any)~~

**And also provide Thomas other relief in the interest of justice, as this**
**Honorable Court deems necessary.**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct

and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on   November *15*, 2011
(month, date, year). **\* See also Attached Declaration of Compliance**
**of Timely Filing of Motion**
**Within [AEDPA] Statute of**
**Limitations**

Executed (signed) on _November 15, 2011_ (date).
**Pursuant to 28 U.S.C.§ 1746**

_Maralles Thomas._

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not

signing this motion.

**n/a**

EXHIBIT: B



EUGENE E. LESTER III
Attorney at Law
Direct Dial: 336-333-6382
EEL@sharpless-stavola.com

July 23, 2009

Mr. Marcellus Thomas
#29957-053 MA- Unit
Federal Corrections Institution 2
P O Box 1500
Butner, NC 27509

**Re:    USA v Marcellus Thomas, COA 08-4603, Our File No. 9888**

Dear Mr. Thomas:

We have completed our review of your entire case.  This includes a review of the indictment, all pre-trial matters, your trial, any post-trial matters and your sentencing. We have prepared and filed an appendix and brief on your behalf in this matter.  We have raised one issue to the Court of Appeals.  We believe that the trial court violated your Sixth and Fourteenth Amendment rights to proceed at trial without the assistance of counsel when it forced appointed counsel on you despite your timely, voluntary, knowing and intelligent request to represent yourself.  We are asking that that Court of Appeals vacate the judgment against you and give you a new trial should the United States attorney wish to prosecute your again.

While there are other issues that you have raised we do not believe that these other issues have merit.  We have chosen not to raise those issues with the Court of Appeals.  If, however, there are additional issues that you wish to raise, you may set those issues out in a brief yourself and submit it to the Fourth Circuit Court of Appeals. The time for filing briefs in this case ends on August 17, 2009.  If you choose to file such a brief, you should mail it to 1100 East Main Street, Richmond, VA  23219 and serve a copy on us and Mr. Hobgood, P O Box 1858, Greensboro, NC  27401.

We expect that the court will take several months to decide your case.  Enclosed is a copy of your brief and joint appendix that we recently filed with the Court of Appeals.

EXHIBIT: C

Eugene E. Lester III
Attorney at Law
200 South Elm Street, Suite 400
Greensboro, NC 27420

August 5, 2009

Re:  U.S.A. v. Marcellus Thomas, Appeal No. 08-4603

Dear Mr. Lester:

Thank you for your letter of July 23rd and the accompanying
Appellate Brief and Appendix.

As you will recall, we had a telephone conversation on July
31st wherein you informed me that you erroneously sent these
documents to the Federal Institution at Butner, North Carolina.
It would appear that you forgot to mention, however, that you
had also already filed the Brief on this appeal; I was surprised
when it arrived with in the mail, considering the fact that we
have not had an opportunity to fully discuss the issues I wished
to have raised on appeal.

Please allow me to express my gratitude for the effort you
put forth on the issue raised in the Appellant's Brief.  I was
impressed with your argument and appreciate the effort you put
forth on my behalf.

Your letter states that, if there are additional issues
I wish to raise, I may set those issues out in a brief myself
and submit it to the Fourth Circuit Court of Appeals.  While
I appreciate your advice, and do intend to raise some additional
issues, it appears that I must first seek permission from the
appellate court to do so.  F.R.App.P 28(c) states that, apart
from the initial brief and a reply brief, "Unless the court permits,
no further briefs may be filed."

You will note that I have enclosed a Motion to Suspend the
Briefing Schedule and for Permission to File a Supplemental Brief.
This Motion is being mailed to the appellate court simultaneously
with this letter.

As I stated in the Motion, I have been diligently attempting
to raise certain issues for the Court's consideration during
these proceedings.  I am now simply seeking permission to supplement
the brief you already filed on my behalf.

I believe that I would have a greater chance of success
gaining permission from the court to file a supplemental brief
if you were to support my request.  It is for this reason that
I am sending you a copy of the Motion:  Please file a notice
with the court, advising that you support the request for
permission to file a supplemental brief.

**U.S.A. v. Marcellus Thomas**, page 2

On a final note, please recall that, during our last phone conversation, I requested that you seek an **extension of time** from the current briefing schedule to provide us time to discuss the issues that I discovered from the record. I will be forwarding these to your attention in the next day or so. These issues have identifiable errors of law that took place during the trial, which I have located on the record. I believe that these have arguable merit and warrant the relief I seek.

These issues, with the court's allowance of time, could be raised either by you or pro se.

Thank you for your attention to this matter. As always, your assistance is greatly appreciated.

Sincerely,

Marcellus Thomas 23954-057
FCI Ashland, P.O. Box 6001
Ashland, KY 41105-6001

P.S.   **Please** send me the missing transcripts from May 7, 8, and 30 which were recently provided to you on July 6, 2009.

EXHIBIT: D

Marcellus Thomas
#23954-057 "C-Unit"
F.C.I.-Ashland
P.O. Box 6001
Ashland, KY 41105

SUBMITTED BY CERTIFIED MAIL, RETURN
RECEIPT ITEM NUMBER BELOW:
7007 0220 0001 5802 8547

Eugene E. Lester III
N.C. State Bar No. 23255
SHARPLESS & STAVOLA, P.A.
200 S. Elm St., Suite 400
Greensboro, NC  27401

May 10, 2010

RE: <u>U.S. v. Marcellus Thomas</u>, COA 08-4603, Your File No. 9888
   -Discussion of Prosecution Misconduct
   -Discussion of FRAUD UPON THE COURT by A.U.S.A. Harry L.Hobgood
   -Discussion of Appellate Counsel Lester,III Failure to Reply &
    Respond to False Citation to the Record, made by Harry L. Hobgood
    Counsel for the Appellee, United States,NCSB#6209

   -Discussion of Stronger Issues Raised on Appeal by Appellant Thomas
    which Atty. Lester, FAILED TO RAISE AND INCLUDED IN APPELLANT BRIEF,
    which Thomas, being forced and in the Interest of Justice, RAISED
    BY MOTION IN A PRO SE SUPPLEMENTAL BRIEF-FILED 10/27/09 in COA.

  -Discussion via Telephone from FCI-Ashland, INSTRUCTING MR. LESTER
   TO INFORM THE COA OF FRAUD UPON THE COURT AND CONDUCT UNBECOMING A
   LAWYER BY HARRY HOBGOOD AND HIS MISSTATEMENT OF FACTS FILED IN HIS
   APPELLEE BRIEF ON PAGES 8, 18, and 20 respectively.

  -Discussion via Telephone from FCI-Ashland, FORMALLY REQUESTING ATTY.
   LESTER,III TO AT <u>ORAL ARGUMENTS</u> ON MAY 12, 2010, <u>ARGUE THAT CONVICTION
   SHOULD BE REVERSED FOR GOVT. FAILURE TO PROVE THE ESSENTIAL ELEMENTS
   OF THE CRIME AND THAT THERE WAS NO EVIDENCE OF 'WILLFULNESS' on the
   RECORD</u>, ALSO THAT HE SHOULD <u>ARGUE</u> THAT THE DISTRICT COURT ERRED WHEN
   IT DENIED MOTION FOR JUDGMENT OF ACQUITTAL IN VIOLATION OF <u>CHEEK v. U.S</u>
   BY STATING THAT THE JUDGE BELIEVED THAT FILING A FALSE TAX <u>RETURN</u> IS
   ENOUGH TO PROVE WILLFULNESS UNDER THE I.R. CODE.

  -Discussion via Telephone from FCI-Ashland, FORMALLY REQUESTING ATTY.
   LESTER,III TO AT <u>ORAL ARGUMENTS</u>, ALSO TO <u>ARGUE</u> THAT THE TRIAL COURT
   "<u>CONSTRUCTIVELY AMENDED THOMAS INDICTMENT IN VIOLATION OF HIS 5th
   AMENDMENT RIGHT TO A GRAND JURY INDICTMENT BY 'BROADENING' THE
   ESSENTIAL ELEMENTS OF THE CONVICTION TO PROVE GUILT FOR FILING FALSE
   'RETURNS' or 'DOCUMENTS' WHICH IS PER SE AUTOMATIC REVERSAL UNDER
   U.S. v. FLORESCA,</u> 38 F.3d 706, 714 (4th Cir. 1994)(EN BANC).

 -Discussion via Telephone from FCI-Ashland, (2nd Call) INSTRUCTING ATTY.
  LESTER,III Assistant to Forward a Copy of Pro Se Supplemental Appendix
  and INFORMING HER OF FRAUD UPON THE COURT BY COUNSEL FOR APPELLEE, and
  PROVIDING HER WITH PAGE NUMBER, AND PARAGRAPH OF MISSTATEMENTS OF THE
  FACTS OF THE RECORD, CONTAINED WITHIN THE <u>APPELLEE BRIEF</u>.

Mr. Lester:

This Official Letter, via **Certified Mail**, is a written review as a record to note my Appellate concern that I mentioned to you per our conversation on May 10, 2010. This letter is to inform you as well as to advise you of the formal request an my desires of pending Appellate issues that I have desired for you to press, argue, discuss, and present for me at **Oral Arguments** on May 12, 2010, which you and myself discussed via telephone from my counsel's Office who witnessed the same from the Federal Correctional Institution, F.C.I.-Ashland, in Ashland, KY.

This letter is a **NOTICE TO YOU**, for your records as well as mine that we have had discussion and elaborated in dialogue of all the following issue that are presented in **bold** on page(1).

All these foregoing statements are made by myself, are indeed truthful and made under the penalty of perjury, pursuant to Title 28, United States Code § 1746.

During our discussion via telephone on May 10, 2010, I informed you at your office that the Assistant U.S. Attorney, Mr. Harry L. Hobgood, NCSB#6209, IN AN ATTEMPT TO BRING **FRAUD UPON A FEDERAL JUDICIARY COURT**, IN AN ATTEMPT TO DEFRAUD THE COURT TO HAVE MY CONVICTION AFFIRMED, MADE (3) FALSE, DECEITFUL, AND EGREGIOUS MIS-STATEMENTS OF FACTS AND ARGUE THE SAME WHICH HE WELL KNEW **WERE NOT FOUND ON THE RECORD**, WHICH HE FILED IN HIS **APPELLEE BRIEF** ON PAGE 8, 18 and 20; in violation of Rule 3.3 of the Revised Rules of Professional Conduct ("making a false statement of material fact to a tribunal") and violation of Rule 8.4(c), ("engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation").

I also informed you that I filed a complaint with the North Carolina State Bar, written the same to U.S. Attorney General Office and the Office of Professional Responsibilty, in washington, DC.

I also informed you that I filed an **JUDICIARY NOTICE**, with the Court of Appeal, and I also filed a **JUDICIARY NOTICE**, with the district court also informing them of Mr. Hobgood' conduct unbecoming a lawyer and also **Prosecutional Misconduct**.

### Oral Argument-Issues to be Raised, Errors on the Record

I will now herein reiterate the matters on my Appeal that I mentioned

as being discussed on page (1) in bold:

I, formally requested that that at Oral Arguement, <u>You should</u> <u>argue to the panel of the court that my conviction should be REVERSED</u> <u>and VACATED and I should be GRANTED ACQUITTAL ON ALL COUNTS, because</u> <u>their was insufficient evidence to support a conviction and that on</u> <u>the record their was not evidence of willfullnes</u>.; which YOU FAILED TO RAISE UP ON APPEAL WHICH WAS ARGUED AT THE CLOSE OF THE GOVERNMENT's EVIDENCE, by Attorney Broadie, AND PRESERVED FOR APPEAL, BASED UPON DISTRICT COURT'S DENIAL OF MY RULE 29 Fed.R.Crim.P Motion.

I, also requested that you ARGUE TO THE COURT AT ORAL ARGUMENTS that MY CONVICTION SHOULD BE REVERSED AND MOTION FOR ACQUITTAL GRANTED BECAUSE THE DISTRICT COURT ERRED IN DENYING MY RULE 29 MOTION AT THE CLOSE OF THE GOVERNMENT's CASE, IN VIOLATION OF THE SUPREME COURT LAW FOUND IN <u>CHEEK V. U.S</u> , 498 U.S. 202, by stating on the <u>record</u> that "when a person files a false tax return upon which there is no basis, then that is 'willfulness' under the Internal Revenue Code"

I told you that YOU SHOULD ARGUE THAT THE COURT ERRED BECAUSE "WILLFULNESS" IS A VIOLATION OF A 'KNOWN LEGAL DUTY'". I mention to you that there was absolutely **NO EVIDENCE ON THE RECORD OF ANY LEGAL DUTY THAT WAS IMPOSED UPON ME.** I also mention that the Court even asked the Prosecutor "Tell me exactly what is the known legal duty?" and he alluded the duty to file truthful returns, which the Govt. never offered proof of any such duty that was placed upon me by the tax laws to the jury, to prove the element of 'willfulness'.

Therefore, My trial Attorney Broadie, I mentioned in our conversation moved also for Rule 29 motion also for Judgment of Acquittal Notwithstanding the Verdict, at the conclusion of the Jury's Verdict.

I also, formally requested and discussed in detail that YOU SHOULD ARGUE THAT MY CONVICTION SHOULD BE REVERSED AT **ORAL ARGUMENT**, as I mention on page (1) in bold, and THAT I SHOULD RECEIVE AN AUTOMATIC REVERSAL OF MY CONVICTION BECAUSE THE TRIAL COURT JUDGE 'CONSTRUCTIVELY AMENDED MY INDICTMENT IN VIOLATION OF MY FIFTH AMENDMENT RIGHT TO A GRAND JURY INDICTMENT IN VIOLATION OF **STIRONE V. U.S.** (Supreme Court Precedent) and also I TOLD YOU THAT UNDER **U.S V. FLORESCA**, 38 F.3d **706, 714 (4th Cir. 1994)(EN BANC)**. I also informed YOU that YOU also FAILED TO RAISE THIS ISSUE WHICH I TOLD YOU WAS PLAINLY ON THE RECORD.. I mentioned via our conversation that the trial Judge even

even used the words "I have Amended the instructions." I told you also per our conversation on May 10th, 2010, that the Court included in its charge "other documents" as an essential element which **NEVER WAS CHARGE IN MY INDICTMENT.**

I also told you that YOU should ARGUE TO THE PANEL AT ORAL ARGUMENT that because of the trial error the Fourth Circuit in <u>Floresca</u> stated that automatic reversal is warranted because a Constitutional conviction cannot be had on an unindicted offense.

All these issues I informed you to raise were with merit which you stated that they were without merit when after a more than once TOLD YOU TO RAISE THESE ISSUES. I was unjustly, told to myself file them in a Pro Se Supplemental Brief, which I by the Grace of God did. I served indeed a copy of the same Brief to yourself as well as the United States Attorney, Mr. Hobgood, which I also filed on October 27,2009 on the Court of Appeals Docket.

In Conclusion, I'm also informing you that I called you office later again on May 10, 2010 and spoke to you assistant and TOLD HER ABOUT THE FRAUD UPON THE COURT BY MR. HOBGOOD, AND ADVISE HER OF THE SAME PAGE 8,18,20, ALONG WITH THE RESPECTIVE PARAGRAPHS ON THOSE PAGES WHERE THE FALSE, FRAUDULENT AND EGREGIOUS MISSTATEMENTS WERE FOUND.

I also would like to inform you that presently I have been and am contemplating and desiring to file a written complaint to the North Carolina State Bar with regards to you deficient representation.

I believe much of your representation has been faulty and at many times unprofessional and incompetent. Your failure to BRIEF and ARGUE these "stronger" issues on appeal which are conceivably "DEAD-BANG WINNERS" has indeed prejudice my Appeal as a matter of right.

Under Rule 28 of the Fed.Rules.App.Proc., If an Issue is not raised and given argument by law and citation to the record, it could be deemed WAIVED and thereby bar the Court of Appeal for addressing the merits of the issue. It would also establish a "Procedural Default" for failure to raise the issue at appeal.

Therefore, I'm seeking advisement of a possible Legal Malpractice Suite, and considering taking action against you from such incompetent representation based upon matters which are plainly on the record but disregarded by you. This is Gross Ineffective Assistance of Counsel

Respectfully,

*Marcellus Thomas*

Marcellus Thomas

" I, Marcellus Thomas declare under penalty of Perjury that all the foregoing statements and facts and conversations are true And correct "

Executed on This 10th Day of May, 2010 *Marcellus Thomas.*

<u>EXHIBIT:</u> E

Mr. Marcellus Thomas
Reg.No. 23954-057 "C-Unit"
FCI Ashland
P.O. Box 6001
Ashland, KY 41105


Mr. Eugene E. Lester, III, Atty. at Law
Sharpless & Stavola
200 S. Elm St., Suite 400
Greensboro, NC 27401

June 9, 2010

RE: <u>U.S. v. Marcellus Thomas, Appeal No. 08-4603 & Your File No.
    -Appellant Brief filed July 21, 2009 & Supplemental Pro Se
    Brief filed October 27, 2009</u>.


Dear Mr. Lester:

I'm writing in regards to the issues surrounding the Appellant Brief
that you filed in my case with respect to my desired issued that I
have requested that you raised and presented before the Court of
Appeals.

    In this letter, I'm requesting that you provide for me in detail
the reasons why you have persistantly avoided contacting  me with regards
to the appellate issues to be raised on appeal and your actions with
regard to the same.

    This letter is a formal complaint and yet also a needed discussion
and dialog between you as my Counsel and myself as your client.

    During your representation, I have asked for meaningful discussion
surrounding the errors that took place on the trial record in my case.
I met in person with you only <u>once.</u> At that time I discussed issues
of merit with regard to my appeal.  I have since my incarceration at
FCI Ashland, sent you correspondence, written to you detailing the
issues which I desired to be raised up during the appeal process for
you to file a Brief accordingly, but you have failed to file and brief
those issues, except for only <u>one</u>- surrounding the Trial Court's Denial
of my FARETTA RIGHT to Self-Represent Myself.  You never raised the other
issues of merit which <u>I requested in writing that you Brief</u>.  Nor did
you attempt to contact me via telephone as I requested to discuss my
position and your position on the matter.  I requested that you also
file an extension of the Briefing Schedule for the furtherance of such

necessary discussion and although you did request and was granted an extension of time, **you never contacted me to discuss those issues** but requested that I send you issues in writing which I did. You then accordingly, without my being informed or notified of the same, filed an Appellant's Brief raising **only <u>one issue,</u> of the many issues that I have presented to you and of the many OBJECTIONS RAISED AT TRIAL BY MY LAWYER AS WELL AS FOUND ON THE TRIAL RECORD AND PRE-TRIAL PROCEED-INGS.** You informed me after I was shocked that you filed a Brief **without my notification or approval or any pertinent discussion, that YOU HAVE EXAMINED THE RECORD, THE INDICTMENT, THE TRIAL, AND SENTENCING PROCEEDINGS AND ONLY FOUND AND RAISED <u>ONE ISSUE, AND THAT THE ISSUES I PRESENTED WERE WITHOUT MERIT</u>,** as you wrote in an injoining letter sent to me with a copy of the Apellant Brief.

The Supreme Court in <u>ANDERS v. CALIFORNIA</u> and also in <u>EVITTS V. LUCE</u> requires that the Appellant Counsel present all non-frivolous issues on appeal and also afford the appellant the effective assistance of Counsel. I believe that your representation with respect to presenting my issues for appeal fellow below the <u>STRICKLAND</u> standard of competent representation also. As such, I'm requesting that you would provide me with a detailed written response to my questions regarding your failed and ultimate refusal to present more than <u>one</u> issue.

The Court of Appeals, have held that when an Appellant Attorney fails to raise a "dead-bang winner" , then his representation is pre-sumed to be deficient and is deemed to prejudice the appellant and thus provides "Ineffective Assistance of Counsel."

Therefore, please provide me **<u>answers in writing</u>** with respect to the following:

1. Why have you failed to brief and raise the issue surrounding the Rule 29 Motion of Judgment of Acquittal when my Trial Attorney moved for Acquittal at the end of the Govt. case and made strong supporting arguments in light of the evidence even viewed favorable to the Govt., that there was absolutely **no evidence that Thomas willfully filed false tax returns. And that in denying the Rule 29 Motion, the Trial Court found that there ('willfulness') in violation of <u>Cheek v. U.S.</u>, by stating that "just filing false returns is all that is needed to satisfy willfulness"** See <u>Pro Se Supplemental Brief</u>- Issue #2 , See also Trial Tr. 6/4/08 pg. 145-161

In the light of this egregious trial error, you failed to review the facts delineated in my supplemental brief and <u>missed this obvious trial error that grants me Acquittal on all Counts.</u>

If you would review my argument on this issue of merit as presented in my supplemental brief, and continuously argued in Motions for Bail Pending Appeal, you would discover that the Government's evidence, failed to prove that after a search of the harddrive and computer I.P Addresses, there was "No Evidence that I filed the Tax Returns." and that "None listed me as Preparer." The Government's Attorney never presented to the Jury any evidence of a "known legal duty" that was imposed upon me or that I knew as placed upon me by the tax laws with respect to self-employment tax returns.

Please tell me how in light of this evidence, you didn't provide me with a meaningful discussion of the issue nor why you failed to Brief this issue. Please tell me why you felt that the Motion for Judgment of Acquittal, which was strongly argued and also during closing arguments, with respect to "willfulness", summarized before the jury that "there was absolutely no evidence presented that Thomas violated a Known Legal Duty." See Trial Tr. 6/5/08 Closing Arguments

In summary, I believe that this issue was indeed a "dead-bang winner" that would have provided me with the VACATING of my Conviction and thereby should have been presented and Brief before the Court of Appeals. You failure to raise this issue, if not addressed now on Appeal would be such a "Miscarriage of Justice" that would Procedurally Bar Me from having the issue addressed. Please truthfully, tell me that you have erred in this matter or provide me with the answers as to why you felt that there was no merit with this claim. Please also feel free to after your examination of the record again, that you do in fact find this issue to be with merit and provide me with the answers as to what I, and or we, you as my Counsel, can file to the Court of Appeals, to raise this issue before it's too late for the Court's consideration.

2.  Tell me why have you refused to file or request to file a supple-
    mental brief or support by motion my Pro Se Supplemental Brief,
    The Trial Court's "Constructive Amendment of my Indictment in
    Violation of my Fifth Amendment Right" argument?

In light of the record, the Trial Court's Jury instructions permit-
ted me to be convicted of a crime that I was never charged or Indicted
for. You stated that you have "examined the Indictment" but you should
have found that the jury instruction stated that the Government in
order to convict me stated that I "Aided or assisting in filing false

**tax returns** or **other documents**."    This was repeated in all instructions including the limiting instructions in my case.  However, I never was indicted for filing "false documents" and for the Court to "broadened" the possible basis for my conviction, after the Defense OBJECTED TO THE TAX RETURNS NOT BEING OR HAVING "VALID SIGNITURES", THE COURT ON ITS OWN "CHANGED AND AMENDED THE INSTRUCTIONS TO INCLUDE A CONVICTION SURROUNDING "TAX RETURNS" OR "OTHER DOCUMENTS."

This Trial error so plainly on the record, violated the holding in Stirone v. U.S.; and the Fourth Circuit precedent as held in U.S. v. Floresca, 38 F.3d 706, 714 (4th Cir. 1994)(en banc).  This is indeed a "dead-bang winner" because the Fourth Circuit hold this as automatic **per se reversal**, even if it's not raised by objection.  It is deemed a "structural defect that effect substantial rights"  Id.

Mr. Lester, you have failed to notice this error and also did not Brief this egregious violation of my 5th Amend Right to a Grand Jury Indictment.

In summary, please inform me in writing why you have refused to Brief this issue and after review of the Indictment and the Trial transcripts, which after I gave extensive argument in my Supplemental Brief filed in October, 2009, YOU HAVE FAILED TO PRESENT THIS MATTER TO THE COURT OF APPEALS WHICH IS IN FACT "REVERSAL ERROR"?

Please immediately respond to me with respect to you deficient representation in this matter and tell me how we can PRESENT THIS ISSUE BEFORE THE COURT OF APPEALS SO AS TO NOT HAVE ME PROCEDURALLY BARRED BY FAILING TO BRIEF THE ISSUE PURSUANT TO FED.R.APP.PROC. RULE 28(a)(9).

3.    Tell me why you refused and did not Brief the Argument that the Trial Court Erred when it Overruled the Defense's OBJECTION to introduction of "Unsigned Tax Return" in violation of Title 26, 7206(2), when the Supreme Court and the Defense argued on the RECORD THAT IN ORDER FOR A "TAX RETURN TO BE VALID IT MUST BE SIGNED UNDER THE PENALTY OF PERJURY AND BE VERIFIED.?

This issue which you did not find to be with merit, was strongly argued at trial and the Court and the Defense and the Government, had discussion on this Objection to such inclusion of evidence.  The Defense position was supported by "plain facts on the record that the Trial Court noted that the returns 'were not signed by the taxpayer.'"

Fourth Circuit case law, and explicitly the Supreme Court Law along with the Internal Revenue Code, Title 26, section 6011,6063,6065

requires that "returns" must be signed in order to have the "force of law as being valid."

This "technical defense" which was relied upon by the defense in my case should have been raised on appeal as it was preserved through out the trial proceedings. Without discussing caselaw, the Trial Court erred by thinking that they were "relevant" and admitted them into evidence. I believe as well as my Trial Attorney, that the Court erred and this issue "obvious on the record" was indeed a "dead-bang winner" that if presented on appeal could have GRANTED me ACQUITTAL of my Charges on all Counts. Please write me as to why you missed this issue or why you did not raise or brief this meritorious issue. Please also inform me Mr. Lester, how and what you intend to do in light of this issue. I believe your failure to Brief and Argue this issue is indeed ineffective assistance of Counsel. I'm requesting that you provide me with a detailed written response why these above issues of merit, were not Briefed. You even failed after notification by me and my expressed **desire and request that you bring this issue up at ORAL ARGUMENT, to ARGUE THESE "STRONG DEAD-BANG WINNER ISSUE"** before Chief Judge Traxler, Judge Motz, and Judge Alarcon in Richmond, VA on May 12, 2010. Again, Please inform me of the remedy to prevent injustice to me due to your failure to follow F.R.A.P. Rule 28, and raise these issues before the Court of Appeals and thereby "force" me to raise them in a "Pro Se Supplemental Brief."

4. Tell me also why you refused to Brief the issue of 'Prosecutorial Misconduct' in light of the fact that the Government's Attorney made numerous 'improper statements during 'closing and rebuttal Argument' and thereby "taint and prejudice the jury to Me to a Conviction in Violation of my Right to a Fair Trial under the Fourteenth Amendment?

See <u>Pro Se Supplemental Brief</u>-Issue: Prosecution Misconduct. The record in my case shows that the Government committed misconduct due to the "flagrant and numerous, uncorrected impermissible statements made." The Prosecution even admitted that "I stole the I.D. of a 19-year old.." and the witness and the record, never indentified such statements of facts. Nevertheless, You failed to raise this issue and never provided me with any discussion as to why. Please review the record again, and provide me why this issue is **without merit**? I believe it should have been briefed and

Your failure to present this issue which I was forced to file in
my pro se supplemental brief, was indeed ineffective assistance
of counsel on your part and representation which was prejudicial
to me.  In <u>U.S. v. Mitchell</u> 1 F.3d (4th Cir.) which I presented in
my **pro se supplemental brief and appendix,** the Fourth Circuit Court
of Appeals REVERSED the conviction of a defendant due to Prosecutional
Misconduct.  I believe upon review of the record and the facts, my
case is similar and had your examined this issue after I forward a
copy of my supplemental Brief to you by service as well as the Court
of Appeals and the Government, you should have took action and provided
me with meaningful discussion on the issue.  Seeing that the remarks
as I detailed on the record in my brief, were most egregious, this
issue should in the interest of justice have been discovered by you
as my appellate attorney.  Please inform me why after <u>reviewing again</u>
<u>the record and the closing remarks by the Government's Attorney that</u>
<u>this issue is deem by you to be without merit?</u>

     In closing, I respectfully request that you contact me via
<u>telephone conference</u> and that you provide me with **<u>written explanations</u>**
**<u>on all the above foregoing issues that you failed to raise on appeal.</u>**

     I'll note to you and to the Court's that you have <u>never</u> contacted
me via telephone when I have requested you to do so after numerous
occasions.  Recently, I via **Certified Mail** #7007 0220 0001 5802 8547,
mentioned these errors of law and requested that you **ARGUE THESE ISSUES**
**AND PRESENT THEM BEFORE JUDGE TRAXLER, JUDGE MOTZ AND JUDGE ALARCON,**
before ORAL ARGUMENT on May 12, 2010.  See Certified Letter mailed to
your attention(discussing our conversation via **RECORDED CONVERSATION**
from FCI-Ashland, on issues from Government's Fraud Upon the Court,
Denial of Motion for Judgment of Acquittal, Constructive Amendment of
my Indictment, UNsigned tax Returns and Supreme Court and 4th Circuit
Court Authority that would grant me Reversal, etc..)  In that letter,
to which you have neither responded to me as of the date of this <u>second</u>
letter of complaint, I stated that I was considering a "possible Legal
Malpractice Suit" (Cert.Letter , May 10, 2010, pg. 4) and requested
that you call me immediately to discuss these issues.  You have again
avoided such attempt to resolve a "Client matter."  This is a direct
violation of the Revised Rules of Professional Conduct as denoted by

the North Carolina State Bar, Rule 1.3 & Rule 1.4 "neglecting a Client matter."

## My Formal Request with Respect to Your Legal Services:

- I'm requesting that you provide me with and afford me with due diligence, the <u>written reasons and discussions in writing</u> on all the above foregoing issues that I requested that you file and you refused, as also those contained in the Pro Se Supplemental Brief, which based on law and my belief are construed from the face of <u>the record</u> as "<u>Dead-Bang Winners</u>" See 236 F.3d at 180 (Hon. Judge Diana Gribbon Motz), which you failed to argue and brief on my appeal.

I'm requesting also that you in addition to providing me with the written explanations of why you did not raise the important appellate issues by brief and more recently, at Oral Argument which via telephone and letter, informed you to do so, that you also provide me with discussion and the "possible remedy of your failure under Fed.Rule. App. Proc. Rule 28(a)(9) to file these meritorious issues "properly" for the court' consideration, and how I can know overcome any possible "procedural default" by "waiver" if the Court of Appeals ignores my Supplemental Brief. "I believe that in the interest of Justice that they should consider my justiciable issues." I know under Rule 2 of the F.R.A.P, the Court of Appeals can suspend the requirements under Rule 28 and in the interest of justice, consider the merits of the issues raised. Also the Supreme Court and Rule 52(b) gives them such authority as well.

I'm requesting that you also file in the Court of Appeals a <u>**JUDICIARY NOTICE**</u> INFORMING THEM OF MY Complaint and the detailed reasons therof, letting them know that I desire that you would explain in writing how you NEGLECTED TO BRIEF "STRONGER ISSUES" ON APPEAL ON ON ORAL ARGUMENT FROM THE SAME AND THAT I BELIEVE THAT YOUR REPRE_ SENTATION IS DEFICIENT AND THAT DUE TO A CONFLICT OF INTEREST I & SUCH DEFICIENT ASSISTANCE, I DESIRE THAT YOU SUPPLEMENT MY BRIEF AND THAT YOU BE <u>REMOVED AS MY APPELLATE COUNSEL.</u> *Please Contact Me Immediately at FCI-Ashland (606) 928-6414, My Counsel is Mr. Gibson or Mr. Minor or Mr. William Wallace, Unit Team Mgr. I must discuss these urgent legal matters with you ASAP.*

Respectfully,

Marcellus Thomas

*✱ Also, based on these "obvious errors of Law on the record", I'll be filing and/or desire that You File Now a Motion For Summary Acquittal & Reversal under 4th Circuit Local Rule 27(f) in accordance with the*

EXHIBIT: F



# SHARPLESS STAVOLA

EUGENE E. LESTER III
Attorney at Law
Direct Dial: 336-333-6382
EEL@sharpless-stavola.com

June 21, 2010

Mr. Marcellus Thomas
#23954-057
FCI Ashland
Federal Correctional Institution
P.O. Box 6001
Ashland, KY 41105

**Re:    USA v Marcellus Thomas, COA 08-4603, Our File No. 9888**

Dear Mr. Thomas:

This letter is in response to your letter dated June 9, 2010.

I raised all issues on appeal that I believe in my professional judgment are meritorious. In addition, you are allowed and did submit an additional brief raising all issues you want the Court of Appeals to consider. All issues and all brief submitted to the Court of Appeals should be considered by the Court of Appeals on your appeal. The Court of Appeals has not ruled on your appeal yet so we do not know the outcome of your case. We hope that the Court of Appeals will issue a ruling within the next several weeks.

Today, I contacted you at 606-928-6414, in an attempt to discuss these matters with you as you requested in your letter. Unfortunately, there was no answer and no option for me to leave a message.

As always, I will keep you informed of any developments in your case.

Sincerely yours,

Eugene E. Lester III

EEL:jlr

200 SOUTH ELM STREET, SUITE 400 • GREENSBORO, NC 27401
POST OFFICE BOX 22106 • GREENSBORO, NC 27420
ph 336.333.6400 • fax 336.333.6399 • www.sharpless-stavola.com

# Exhibit: II

Indictment proving charge surrounding "tax returns" only

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : |
| MARCELLUS THOMAS | : |

1:08CR 3 -1

The Grand Jury charges:

## COUNT ONE

On or about March 20, 2003, in the County of Guilford, in the Middle District of North Carolina, MARCELLUS THOMAS did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for Tweenetta Whitley for the calendar year 2002, that was false and fraudulent as to a material matter, in that it represented in line one of Schedule C that Tweenetta Whitley had gross receipts or sales of $10,942.00 from operating a business in 2002, whereas, as the defendant then and there well knew and believed, Tweenetta Whitley did not have gross receipts or sales of $10,942.00 from operating a business in 2002; in violation of Title 26, United States Code, Section 7206(2).

## COUNT TWO

On or about April 7, 2003, in the County of Guilford, in the Middle District of North Carolina, MARCELLUS THOMAS did willfully aid and assist in, and procure, counsel, and advise the preparation

and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for Latasha S. Chambers for the calendar year 2002, that was false and fraudulent as to a material matter, in that it represented in line one of Schedule C that Latasha S. Chambers had gross receipts or sales of $11,242.00 from operating a business in 2002, whereas, as the defendant then and there well knew and believed, Latasha S. Chambers did not have gross receipts or sales of $11,242.00 from operating a business in 2002; in violation of Title 26, United States Code, Section 7206(2).

## COUNT THREE

On or about February 17, 2004, in the County of Guilford, in the Middle District of North Carolina, MARCELLUS THOMAS did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for Raquel L. Buckley for the calendar year 2003, that was false and fraudulent as to a material matter, in that it represented in line one of Schedule C-EZ that Raquel L. Buckley had gross receipts of $9,564.00 from operating a business in 2003, whereas, as the defendant then and there well knew and believed, Raquel L. Buckley did not have gross receipts of $9,564.00 from operating a business in 2003; in violation of Title 26, United States Code, Section 7206(2).

2

## COUNT FOUR

On or about February 19, 2004, in the County of Guilford, in the Middle District of North Carolina, MARCELLUS THOMAS did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for Sheayel S. Moon for the calendar year 2003, that was false and fraudulent as to a material matter, in that it represented in line one of Schedule C-EZ that Sheayel S. Moon had gross receipts of $13,083.00 from operating a business in 2003, whereas, as the defendant then and there well knew and believed, Sheayel S. Moon did not have gross receipts of $13,083.00 from operating a business in 2003; in violation of Title 26, United States Code, Section 7206(2).

## COUNT FIVE

On or about December 6, 2004, in the County of Guilford, in the Middle District of North Carolina, MARCELLUS THOMAS did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for Mary A. Flippin for the calendar year 2003, that was false and fraudulent as to a material matter, in that it represented in line one of Schedule C-EZ that Mary A. Flippin had gross receipts of $9,477.00 from operating a business in 2003, whereas, as the defendant then and there well knew and believed, Mary A. Flippin did not have gross

3

receipts of $9,477.00 from operating a business in 2003; in violation of Title 26, United States Code, Section 7206(2).

## COUNT SIX

On or about December 29, 2004, in the County of Guilford, in the Middle District of North Carolina, MARCELLUS THOMAS did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for Sharina D. Rudd for the calendar year 2003, that was false and fraudulent as to a material matter, in that it represented in line one of Schedule C that Sharina D. Rudd had gross receipts or sales of $10,654.00 from operating a business in 2003, whereas, as the defendant then and there well knew and believed, Sharina D. Rudd did not have gross receipts or sales of $10,654.00 from operating a business in 2003; in violation of Title 26, United States Code, Section 7206(2).

## COUNT SEVEN

On or about January 21, 2005, in the County of Guilford, in the Middle District of North Carolina, MARCELLUS THOMAS did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for Love H. Millner for the calendar year 2004, that was false and fraudulent as to a material matter, in that it represented in line one of Schedule C-EZ that Love H. Millner had gross receipts of $12,952.00 from

4

Supplemental Appendix-SA-51

operating a business in 2004, whereas, as the defendant then and there well knew and believed, Love H. Millner did not have gross receipts of $12,952.00 from operating a business in 2004; in violation of Title 26, United States Code, Section 7206(2).

## COUNT EIGHT

On or about January 25, 2005, in the County of Guilford, in the Middle District of North Carolina, MARCELLUS THOMAS did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for Ashley H. Pickett for the calendar year 2004, that was false and fraudulent as to a material matter, in that it represented in line one of Schedule C-EZ that Ashley H. Pickett had gross receipts of $10,017.00 from operating a business in 2004, whereas, as the defendant then and there well knew and believed, Ashley H. Pickett did not have gross receipts of $10,017.00 from operating a business in 2004; in violation of Title 26, United States Code, Section 7206(2).

## COUNT NINE

On or about January 30, 2005, in the County of Guilford, in the Middle District of North Carolina, MARCELLUS THOMAS did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for Mary A. Flippin for the calendar year 2004, that was false and fraudulent as to a

5

material matter, in that it represented in line one of Schedule C-EZ that Marry A. Flippin had gross receipts of $12,988.00 from operating a business in 2004, whereas, as the defendant then and there well knew and believed, Mary A. Flippin did not have gross receipts of $12,988.00 from operating a business in 2004; in violation of Title 26, United States Code, Section 7206(2).

## COUNT TEN

On or about February 3, 2005, in the County of Guilford, in the Middle District of North Carolina, MARCELLUS THOMAS did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for Sharina D. Rudd for the calendar year 2004, that was false and fraudulent as to a material matter, in that it represented in line one of Schedule C-EZ that Sharina D. Rudd had gross receipts of $9,237.00 from operating a business in 2004, whereas, as the defendant then and there well knew and believed, Sharina D. Rudd did not have gross receipts of $9,237.00 from operating a business in 2004; in violation of Title 26, United States Code, Section 7206(2).

## COUNT ELEVEN

On or about February 10, 2005, in the County of Guilford, in the Middle District of North Carolina, MARCELLUS THOMAS did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a

6

U.S. Individual Income Tax Return, Form 1040, for Naeemah K. Graham for the calendar year 2004, that was false and fraudulent as to a material matter, in that it represented in line one of Schedule C-EZ that Naeemah K. Graham had gross receipts of $12,548.00 from operating a business in 2004, whereas, as the defendant then and there well knew and believed, Naeemah K. Graham did not have gross receipts of $12,548.00 from operating a business in 2004; in violation of Title 26, United States Code, Section 7206(2).

## COUNT TWELVE

On or about February 16, 2005, in the County of Guilford, in the Middle District of North Carolina, MARCELLUS THOMAS did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for Tori M. James for the calendar year 2004, that was false and fraudulent as to a material matter, in that it represented in line one of Schedule C-EZ that Tori M. James had gross receipts of $9,827.00 from operating a business in 2004, whereas, as the defendant then and there well knew and believed, Tori M. James did not have gross receipts of $9,827.00 from operating a business in 2004; in violation of Title 26, United States Code, Section 7206(2).

## COUNT THIRTEEN

On or about March 3, 2005, in the County of Guilford, in the Middle District of North Carolina, MARCELLUS THOMAS did willfully

7

aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, for Lakisha M. Herring for the calendar year 2004, that was false and fraudulent as to a material matter, in that it represented in line one of Schedule C-EZ that Lakisha M. Herring had gross receipts of $7,813.00 from operating a business in 2004, whereas, as the defendant then and there well knew and believed, Lakisha M. Herring did not have gross receipts of $7,813.00 from operating a business in 2004; in violation of Title 26, United States Code, Section 7206(2).

A TRUE BILL:

_____
FOREPERSON

_____
HARRY L. HOBGOOD
ASSISTANT UNITED STATES ATTORNEY

_____
ANNA MILLS WAGONER
UNITED STATES ATTORNEY

8

Exhibit: JJ - (See Trial Tr.
6/2, pg. 68-69)

Court Noticing Indictment
does not charge false documents

1  motion will be heard at the Rule 29 stage.

2  That is my order.

3      MR. THOMAS:  I deny the order, Your Honor,

4  on the record.

5      THE COURT:  Your objection to that order

6  is noted, Mr. Thomas.

7      MR. THOMAS:  Thank you, Your Honor.

8      THE COURT:  All right.  Let's turn for a

9  minute to the issue of the applicable law here.

10 I will have to give the jury during the

11 preliminary instructions a summary of the

12 applicable law during which -- during that

13 instruction, I propose to tell the jurors the

14 following.

15     Each of the 13 counts charges the

16 defendant, Marcellus Thomas, with violation of

17 26 United States Code Section 7206 (2).  To

18 prove the offenses alleged in each of the 13

19 counts contained in the indictment the United

20 States must prove beyond a reasonable doubt the

21 following as to each count.

22     One, the defendant aided, assisted in,

23 counseled or advised the preparation of a

24 return.  As I read the indictment, each of the

25 13 counts alleges the preparation of the

1   1040 -- or the submission of a 1040 return.

2       So I don't think it's necessary that we

3   track the other language of the statute to

4   include document, affidavit, claim, et cetera.

5   But I'll hear from the government on that if

6   you feel otherwise.

7       MR. HOBGOOD:  No.  I did notice the court

8   did omit the word procured, which is in the

9   statute.  I don't know if that makes any

10  difference, Your Honor.

11      THE COURT:  That's part of it.

12      MR. HOBGOOD:  It is part of it.

13      THE COURT:  All right.  Procured or

14  advised.  Mr. Broadie, any objection to leaving

15  out the business about documents, affidavits

16  and claims?

17      MR. BROADIE:  No objection.

18      THE COURT:  All right.  Two, the return

19  was prepared or presented under or in

20  connection with a matter arising under the

21  Internal Revenue laws.

22      I looked at the Aramy, if I'm pronouncing

23  that correctly, case, and they -- the Aramy

24  case has three elements.  And arguably, since

25  we're dealing with a return, it may be that

## Exhibit: KK

Court "Constructively Amending Indictment" for jury to find Thomas guilty of willfully filing "false tax returns" or "false documents"

1   testimony should be given.

2           Inconsistencies or discrepancies in

3   the testimony of a witness or between the

4   testimony of different witnesses may or may not

5   cause the jury to discredit such testimony.  Two

6   or more persons witnessing an incident or a

7   transaction may see or hear it differently, an

8   innocent mis-recollection, like failure of

9   recollection is not an uncommon experience.  In

10  weighing the effect of a discrepancy, always

11  consider whether it pertains to a matter of

12  importance or an unimportant detail and whether

13  the discrepancy results from innocent error or

14  intentional falsehood.  You may, in short,

15  accept or reject the testimony of any witness in

16  whole or in part.

17          Also, the weight of evidence is not

18  necessarily determined by the number of

19  witnesses testifying as the existence or

20  nonexistence of any fact.  You may find that the

21  testimony of a smaller number of witnesses as to

22  any fact is more credible than the testimony of

23  a larger number of witnesses to the contrary.

24          26 U.S.C. § 7206(2) provides that:

25  Any person -- excuse me just a second.  Any

Reported By: Victory Sabb          www.huseby.com
HUSEBY, INC. - 1230 W. Morehead Street, #408, Charlotte, North Carolina 28208  (800) 333-2082

1    person who willfully aids or assists in or

2    procures, counsels or advises the preparation or

3    presentations under or in connection with any

4    matter arising under the Internal Revenue laws

5    of a return, affidavit, claim or other document

6    which is fraudulent or is false as to any

7    material matter, whether or not such falsity or

8    fraud is within the knowledge or consent of the

9    person authorized or required to present such

10   return affidavit, claim or document, shall be

11   guilty of an offense against the United States.

12            In order to prove that the Defendant

13   is guilty of the offenses charged in Count Two

14   through Thirteen of the Indictment, the

15   Government must prove each of the following

16   elements beyond a reasonable doubt as to each

17   offense alleged in the Indictment:

18            First, that the Defendant aided or

19   assisted in or procured, counseled or advised

20   the preparation or presentation of a tax return

21   or other document, and;

22            Two, that the return or other

23   document was prepared or presented under or in

24   connection with a matter arising under the

25   Internal Revenue laws, and;

Reported By: Victory Sabb          www.huseby.com
HUSEBY, INC. - 1230 W. Morehead Street, #408, Charlotte, North Carolina 28208  (800) 333-2082

Case 1:08-cr-00003-WO   Document 151   Filed 11/18/11   Page 64 of 72

1          '       Three, that the return or other

2      document was fraudulent and false as to any

3      material matter, and;

4              Four, that the Defendant acted

5      willfully.

6              Regarding the third element, I

7      instructed you that the Government must prove

8      beyond a reasonable doubt that the return or

9      other document was fraudulent or false as to any

10      material matter.  A return or other document is

11      false as to any material matter if it contains a

12      false statement that was untrue when made and

13      was then known to be untrue by the person making

14      the statement or causing the statement to be

15      made.  A return or other document is fraudulent

16      if it contains a false statement made, or caused

17      to be made, with intent to deceive.

18              Regarding the third element, I also

19      instructed you that the Government must prove

20      beyond a reasonable doubt that the return or

21      other document was fraudulent or false as to any

22      material matter.  A matter is material if it has

23      a natural tendency to influence or is capable of

24      influencing the Internal Revenue Service.

25              Regarding the fourth element, I

Reported By: Victory Sabb                    www.huseby.com
HUSEBY, INC. - 1230 W. Morehead Street, #408, Charlotte, North Carolina 28208  (800) 333-2082

Case 1:08-cr-00003-WO   Document 151   Filed 11/18/11   Page 65 of 72

Case: 08-4603   Document: 96-1   Date Filed: 10/27/2009   Page: 19

United States of America v. Marcellus Thomas
Trial

1:08CR3-1
June 5, 2008

Page 208

1   instructed you that the Government must prove
2   beyond a reasonable doubt that the Defendant
3   acted willfully.  The term "willfully" as used
4   in these instructions is defined as a voluntary,
5   intentional violation of a known legal duty.  An
6   act or failure to act is willfully done if done
7   voluntarily and intentionally and with the
8   specific intent to do something the law forbids,
9   that is to say, with a purpose either to disobey
10   or disregard the law.  The Defendant's conduct
11   is not willful if he acted through negligence,
12   inadvertence or mistake.  Evidence which
13   establishes only the Defendant made a mistake in
14   judgment or was careless, does not establish
15   fraudulent intent.
16          As stated before, the burden is
17   always upon the prosecution to prove beyond a
18   reasonable doubt every essential element of the
19   crime charged.  The law never imposes upon the
20   defendant in a criminal case the burden or duty
21   of calling any witnesses or producing any
22   evidence.
23          Section 7206(2) of the Internal
24   Revenue code further provides that a person may
25   be guilty of the offense of aiding, assisting,

Reported By: Victory Sabb          www.huseby.com
HUSEBY, INC. - 1230 W. Morehead Street, #408, Charlotte, North Carolina 28208  (800) 333-2082

1    procuring, counseling or advising the

2    preparation or presentation of a false or

3    fraudulent income tax return regardless of

4    whether or not such falsity or fraud is with the

5    knowledge or consent of the taxpayer.

6         During the course of the trial, as

7    you know from the limiting instruction I gave

8    you at the time, testimony or evidence was

9    received with respect to alleged acts of the

10   Defendant in relation to other tax returns that

11   are not charged as offenses in the Indictment.

12   Evidence of these other acts may not be

13   considered by the jury in determining whether

14   the accused in fact committed any act charged in

15   the Indictment nor may it be considered by the

16   jury for the purpose of proving the character of

17   the Defendant in order to show action in

18   conformity therewith.

19        That evidence may, however, be

20   considered by the jury for other purposes such

21   as proof of motive, opportunity, intent

22   preparation, plan, knowledge, identity or

23   absence of mistake.  If the jury should find

24   beyond a reasonable doubt from other evidence in

25   the case that the defendant aided, assisted in,

Reported By: Victory Sabb                    www.huseby.com
HUSEBY, INC. - 1230 W. Morehead Street, #408, Charlotte, North Carolina 28208  (800) 333-2082

Case 1:08-cr-00003-WO   Document 151   Filed 11/18/11   Page 67 of 72

1    procured, counseled or advised the preparation

2    or presentation to the Internal Revenue Service

3    of a U.S. Individual Income Tax Return or other

4    documents that was false and fraudulent as to a

5    material matter as alleged in one or more of the

6    counts contained in the Indictment, then the

7    jury may consider evidence of other acts

8    admitted into evidence in determining the state

9    of mind or intent with which the accused did the

10   acts charged in the Indictment.

11          You will note that the Indictment

12   charges that the offenses -- that the offense

13   was committed on or about a certain date.  The

14   proof need not establish with certainty the

15   exact date of the alleged offense.  It is

16   sufficient if the evidence in the case

17   establishes beyond a reasonable doubt that the

18   offense was committed on a date reasonably near

19   the date alleged.

20          A separate crime or offense is

21   charged against the Defendant in each count of

22   the Indictment.  The number of charges against a

23   defendant is no evidence of guilt in your

24   decision on any one charge, whether it is guilty

25   or not guilty, should not influence your

Reported By: Victory Sabb          www.huseby.com
HUSEBY, INC. - 1230 W. Morehead Street, #408, Charlotte, North Carolina 28208  (800) 333-2082

SA-19
Case 1:08-cr-00003-WO   Document 151   Filed 11/18/11   Page 68 of 72

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

MARCELLUS THOMAS         )
      Petitioner-Movant,    )
                      )   Civil No. _____
vs.                     )
                      )   (Criminal No. 1:08-CR-00003-WO-1)
UNITED STATES OF AMERICA  )
      Respondent.        )

## VERIFICATION OF EXHIBITS, LETTERS, DOCUMENTS AND TRANSCRIPTS ATTACHED TO § 2255 MOTION & ALSO MOTION TO EXPAND THE RECORD TO INCLUDE THE SAME

**COMES NOW**, Petitioner- Movant, Marcellus Thomas and deposes and states the following:

1) I am the Petitioner-Movant in the above entitled case and the instant proceedings pursuant to 28 U.S.C.§ 2255.

2) The inclusive and attached exhibits, letters, documents of pleadings are in fact true authentic copies in support of my Section 2255 motion.  I declare under the penalty of perjury that I have personal knowledge of the originals of the exhibits and also state that the copies truly and accurately represent said original transcripts, letters written to and from my counsel(s), and other documents and exhibits as well.

3) I have read the foregoing and state that it is true and correct.

                              Signed under the penalty of perjury
                              Pursuant to and under 28 U.S.C.§ 1746
                              this <u>14th</u> Day of November, 2011
                              *Marcellus Thomas.*

    I, respecfully asks that this Honorable Court, under Rule 7, Rules Governing § 2255, would expand the record and or consider all such above documents in granting me relief under §2255

Respectfully Submitted, This 14th, Novemeber, 2011 *Marcellus Thomas.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### GREENSBORO DIVISION

MARCELLUS THOMAS     )
                             )
     Petitioner-Movant,  )   Civil No. _____
                             )
vs.                    )   (Criminal No. 1:08-CR-00003-WO-1)
                             )
UNITED STATES OF AMERICA   )
     Respondent.         )
                             )

## DECLARATION OF COMPLIANCE OF TIMELY FILING
## OF MOTION UNDER 28 U.S.C. §2255
## WITHIN [AEDPA] STATUTE OF LIMITATIONS

"I, Marcellus Thomas, ("Thomas"), the Petitioner- Movant, and undersigned herein below, do hereby declare and verify under the penalty of perjury, pursuant to Title 28, U.S.C. § 1746, that the following statements made and contained herein are both true and correct:  In the manner prescribed for legal mail-

That I, pursuant to Rule 3(d) <u>Inmate Filing</u>, <u>Rules Governing Section § 2255 Proceedings</u>; and per the rule enunciated and held by the Supreme Court in <u>Houston v. Lack</u>, 487 U.S. 266, 270-76 (1988), have handed and delivered my instant § 2255 Motion to the Prison Official at FCI Ashland, in Ashland, KY 41105, for filing to the United States District Court, on this November 15, 2011, within (1) year of the date for filing under § 2255 from my denial of writ of certiorari by the Supreme Court (November 15, 2010).

I have deposited my §2255 Motion, and exhibits with first-class postage pre-paid, <u>received</u> and <u>stamped</u> by prison officials and sent to :   Clerk of the Court, U.S. District Court, 324 W. Market St.
4th Floor, Greensboro, NC 27401-Certified Mail/Return Rec.
Executed On This 15 th Day of November, 2011 *Marcellus Thomas*.  "

*(Under the "mailbox rule" a pro se prisoner's [2255] pleading is deemed filed when handed to prison officials for mailing to court)

Marcellus Thomas
Fed. Res. # 23954-057 "C-Unit"
Federal Correctional Institution
P.O. Box 6001
Ashland, KY 41105

INSPECTED

CLERK, U.S. DISTRICT COURT
GREENSBORO, N.C.

NOV 18 2011

‎RECEIVED
In this office

☆ 23954-057 ☆
U S Dist Court
Legal MAIL
324 W Market ST — 4th Floor
Middle District N.C.
Greensboro, NC · 27401
United States





FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 888, ASHLAND, KY 41105-0888

DATE: _____

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING
TO YOU. THE LETTER HAS BEEN NEITHER
OPENED NOR INSPECTED. IF THE WRITER RAISES
A QUESTION OR PROBLEM OVER WHICH THIS
FACILITY HAS JURISDICTION, YOU MAY WISH TO
RETURN THE MATERIAL FOR FURTHER INFORMATION
OR CLARIFICATION. IF THE WRITER ENCLOSES
CORRESPONDENCE FOR FORWARDING TO ANOTHER
ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO
THE ABOVE ADDRESS.