IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARCELLUS THOMAS,                    :
    Petitioner,                      :
                              :
       v.                                :          1:11CV1007
                              :          1:08CR3-1
UNITED STATES OF AMERICA,            :
    Respondent.                      :

## RESPONSE TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE SET ASIDE, OR CORRECT SENTENCE

NOW COMES the United States of America in response to the motion of the petitioner, Marcellus Thomas ("Thomas"), under 18 U.S.C. § 2255 to vacate, set aside, or correct his sentence, and states the following in opposition:

FACTS AND PROCEEDINGS

Thomas, an income tax return preparer with a tax preparation business in High Point, North Carolina, was indicted in the Middle District of North Carolina on January 28, 2008, and charged in thirteen counts with violating 26 U.S.C. 7206(2) by aiding and assisting in the preparation of false federal income tax returns for clients for the tax years 2002-2004. The first count was dismissed on motion of the government during trial. Robert A. Broadie was appointed to represent Thomas, and a jury trial began on June 3, 2008. (D.Ct. Dkt. No. 31). Thomas was found guilty of Counts 2 through 13 on June 6, 2008. He

appealed his conviction, and Eugene E. Lester, III was appointed to represent him on appeal.

A single issue was raised in the Fourth Circuit by Mr. Lester on Thomas's behalf: whether the district court violated Thomas's Sixth Amendment right to represent himself at trial in violation of Faretta v. California, 422 U.S. 806 (1975). Thomas filed a motion for leave to file a supplemental brief on October 27, 2009, along with a proposed pro se supplemental brief raising all of the issues now presented in Thomas's petition under § 2255. (Fourth Circuit. Dkt. Nos. 94, 95). The Fourth Circuit deferred action on Thomas's motion for leave to file a pro se supplemental brief pending consideration of the appeal on the merits on October 27, 2009. (Fourth Circuit Dkt. No. 97). Oral argument was held on May 12, 2010, and the Fourth Circuit affirmed Thomas's conviction in an unpublished opinion dated August 6, 2010. United States v. Marcellus Thomas, No. 08-4603 (4th Cir. August 6, 2010). The court also issued an order on August 6, 2010, denying Thomas's motion for leave to file a supplemental brief. (Fourth Cir. Dkt. No. 123). Thomas's petition for a writ of certiorari was denied by the Supreme Court on November 15, 2010. Thomas v. United States, 131 S.Ct. 610 (2010).

2

In order to satisfy the one-year filing requirement imposed by 28 U.S.C. § 2255(f)(1), Thomas has alleged compliance under the "prisoner mailbox rule". See Rule 3(d), Rules Governing Section 2255 Proceedings ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."). Thomas has attached an affidavit to his petition, which, although not in strict compliance with 28 U.S.C. § 1746, does certify that the petition was delivered to prison officials at FCI Ashland on November 15, 2011, with postage attached. The envelope for his petition reflects a mailing date of November 15, 2011, in Kentucky as well as a time stamp indicating the motion was received by the Clerk's Office of the United States District Court in Greensboro, N.C. on November 18, 2011. (D.Ct. Dkt. Entry 152). The government therefore concedes that Thomas has complied with the "prisoner mail box rule", and his § 2255 petition was filed within one year of the denial of his petition for a writ of certiorari.

In his § 2255 petition, Thomas has taken three grounds for relief previously raised before the Fourth Circuit in his pro se supplemental brief and recast them as ineffective assistance of counsel claims:

Ground One: Appellate counsel was ineffective for failing to brief and argue on appeal that the district court constructively amended the indictment through its instructions.

Ground Two: Appellate counsel was ineffective for failing to brief and argue on appeal that the district court abused its discretion by denying Thomas's motion for judgment of acquittal.

Ground Three: Trial counsel was ineffective for failing to object to the government's closing argument at trial and appellate counsel for failing to brief and argue this issue on appeal.

## Cognizable Claims

Collateral attacks brought under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors that inherently result in a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 184-86 (1979). To demonstrate ineffective assistance of counsel, Thomas must show that an attorney's performance fell below a reasonable standard for defense attorneys and that there was a reasonable probability that, but for the attorney's incompetent performance, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). These are referred to as Strickland's "performance" and "prejudice" components. Id. at 698. See also United States v. Hoyle, 33 F. 3d 415 (4th Cir.

4

1994), <u>cert. denied</u>, 513 U.S. 1133 (1995). There always is a strong presumption that an attorney's conduct fell within the permissible range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689. Counsel is presumed to have offered effective assistance, and a court should apply a "heavy measure of deference" to an attorney's decisions. <u>Id.</u> at 690-91.

**I. Ground One**: Ineffectiveness on appeal for failure to raise the issue of constructive amendment.

Thomas first argues that his appellate counsel, Mr. Lester, was ineffective for not claiming on appeal that the district court impermissibly broadened the charges in the indictment through its final instructions to the jury and that this constituted a constructive amendment. Specifically, Thomas contends that each count of the indictment was limited to accusing him of filing a false "U.S. Individual Income Tax Return, Form 1040" under 26 U.S.C. § 7206 (2), while the definition provided to the jury by the district court also included the term "other document". Section 7206 (2) expressly applies to "any person who":

Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or <u>other document</u>, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim or document...

5

26 U.S.C. § 7206 (2)(emphasis added).

The twelve counts in the indictment submitted to the jury each charged that Thomas "did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040... ." Each count then listed a different tax return and described the false entry on that return. Prior to giving its final instructions, the court noted that Thomas contended that the electronically filed tax returns listed in the indictment were not signed by the taxpayers or by Thomas as preparer and therefore did not constitute valid income tax returns. Since § 7206(2) also encompassed a false or fraudulent "other document" submitted to the Internal Revenue Service ("I.R.S."), the court decided to include both the term "tax return" and "other document" in describing the elements the government had to prove. (Trial Transcript, June 4, 2008, pp. 163-65).

In its final instructions, the court stated the following:

> 26 U.S.C. § 7206 (2) provides that: Any person – excuse me just a second. Any person who willfully aids or advises the preparation or presentations under or in connection with any matter arising under the Internal Revenue laws of a return, affidavit, claim or other document which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is within the knowledge or consent of the person authorized or required

6

to present such return, affidavit, claim or document, shall be guilty of an offense against the United States.

In order to prove that the Defendant is guilty of the offenses charged in Count Two through Thirteen of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt as to each offense alleged in the Indictment:

First, that the Defendant aided or assisted in or procured, counseled or advised the preparation or presentation of a tax return or other document, and;

Two, that the return or other document was prepared or presented under or in connection with a matter arising under the Internal Revenue laws, and;

Three, that the return or other document was fraudulent and false as to any material matter, and;

Four, that the Defendant acted willfully.

(Trial Transcript, June 5, 2008, pp. 97-98). Defense counsel did

not object to this instruction given on the elements of §

7206(2). (Id. at 107).

In order to obtain a conviction under § 7206 (2), the

government is required to prove that: "(1) the defendant aided,

assisted, or otherwise caused the preparation and presentation

of a return; (2) that the return was fraudulent or false as to a

material matter; and (3) the act of the defendant was willful."

United States v. Aramony, 88 F. 3d 1369, 1381 (4th Cir. 1996),

cert. denied 520 U.S. 1239 (1997)(citation omitted). The

instruction given by the district court tracked these elements

precisely, and Thomas does not argue otherwise. His only contention is that the use of the term "other document" impermissibly expanded the scope of the indictment against him. However, § 7206 (2) expressly includes the term "other document", and, as the district court noted, a tax return is also a document. Unlike the filing of a false return in violation of 26 U.S.C. § 7206 (1), § 7206 (2) prohibits a defendant who "aids or assists in, or procures, counsels, or advises" and does not require that a defendant actually have signed or prepared the return to be subject to prosecution. See United States v. Clark, 577 F. 3d 273, 285 (5th Cir.), cert. denied 130 S. Ct. 809 (2009); United States v. Smith, 424 F. 3d 992, 1009 (9th Cir. 2005), cert. denied, 547 U.S. 1008 (2006)("Unsurprisingly, we do not require defendants engaged in tax schemes to physically 'prepare' the tax returns to be found guilty of § 7206 (2).").

The fact that Thomas did not sign the returns as preparer did not make him any less culpable since there was an abundance of evidence that he contacted and met with the taxpayers, obtained their Social Security numbers and other personal information necessary for filing, had the I.R.S. deposit tax refunds into bank accounts he controlled, and kept a significant portion of the refunds. When the I.R.S. searched Thomas's

8

residence, they even found copies of the returns listed in the indictment and other information relating to those returns. John De Powell, a records custodian with the I.R.S., identified the twelve returns in the indictment and testified that each one was an electronically filed income tax return that had been accepted by the I.R.S. He confirmed that the I.R.S. considered them to be valid income tax returns and had authorized tax refunds to be issued for all of them. (Trial Transcript, June 3, 2008, pp. 16-67). Mr. De Powell explained that electronically filed income tax returns are not actually signed by the taxpayer but are submitted through use of a personal identification number selected either by the taxpayer or by the tax return preparer. (Id. at 11). At no point did Mr. De Powell describe the returns in this case as merely being "other documents", nor did the government at trial or in closing argument ever argue that the indictment encompassed anything other than actual federal income tax returns.

Only a grand jury may broaden or alter the charges in the indictment against a defendant. See Stirone v. United States, 361 U.S. 212, 215-16 (1960). When the court, in its instructions, broadens the basis for conviction beyond that charged in the indictment, a constructive amendment or fatal variance may occur. See United States v. Redd, 161 F. 3d 793,

9

795 (4th Cir. 1998), <u>cert. denied</u> 526 U.S. 1057 (1999). In order
to constitute a constructive amendment, the variance must
"change the elements of the offense charged, such that the
defendant is actually convicted of a crime other than that
charged in the indictment." <u>United States v. Malloy</u>, 568 F. 3d
166, 178 (4th Cir. 2009), <u>cert denied</u> 130 S. Ct. 1736 (2010).
Any other type of variance "does not violate a defendant's
constitutional rights unless it prejudices the defendant either
by surprising him at trial and hindering the preparation of his
defense, or by exposing him to the danger of a second
prosecution for the same offense." <u>Id.</u>

The inclusion of the term "other document" along with the
term "tax return" in the court's final jury instructions did not
prejudice Thomas in the least, and he has failed to describe
precisely how he was harmed. He does not claim that he was
surprised at trial, that his defense was impaired, or that he
was subjected to double jeopardy. The additional wording was
included by the court on its own initiative to accommodate
Thomas's baseless argument that the tax returns charged were not
valid since they were not signed, even though Mr. De Powell
explained that electronically submitted tax returns accepted by
the I.R.S. do not bear a signature, unlike returns in paper
form. <u>See</u> <u>United States v. Williams</u>, 1998 WL 726761, at *3 (4th

Cir. Oct.16,1998)(unpublished)(harmless variance found where "IRS custodian of records testified that the electronically filed tax information was considered an electronically filed Form 1040.").

Nor would the IRS have approved and issued tax refunds if only "other documents", as opposed to actual tax returns, had been filed. Since Thomas was provided with more than adequate notice of the offense charged and the indictment was sufficiently particular to protect him from multiple prosecutions for the same offense, any modest variance in the district court's final instructions resulting from the inclusion of the term "other document" was entirely harmless. There was never a material variance between the indictment or instructions given and the evidence introduced at trial. At no point during trial did the government ever contend or argue that the case involved anything other than false income tax returns, and Thomas's argument on this point has been completely frivolous since the first time he presented it at trial.

An appellate counsel must be accorded the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F. 2d 1560, 1568 (4th Cir.), cert denied 510 U.S. 984 (1983). In any event, "'[w]innowing out weaker arguments on appeal and focusing on' those more likely to

11

prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." <u>Smith v. Murray</u>, 477 U.S. 527, 536 (1986)(quoting <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983)). Mr. Lester, Thomas's appellate counsel, states in a letter to Thomas and attached as Exhibit B to Thomas's § 2255 motion, that after reviewing the entire case and the issues Thomas proposed for appeal, "we do not believe that those issues have merit." Mr. Lester then advised Thomas that "you may set those issues out in a brief yourself and submit it to the Fourth Circuit Court of Appeals." Section 2255 Motion, Attachment B. Mr. Lester, however, did raise the one issue before the Fourth Circuit that he thought was viable: Thomas's Sixth Amendment right to represent himself. This issue was never mentioned by Thomas in any of his earlier pro se filings and presumably was one he never contemplated.

Thomas ultimately did follow Mr. Lester's advice, for his Pro Se Supplemental Brief filed with the Fourth Circuit on October 27, 2009, contained his constructive amendment argument on pages 9 through 22. (Fourth Circuit Dkt. No. 14). This issue was ultimately rejected by the Fourth Circuit on August 13, 2010, when it denied Thomas's motion to file a supplemental brief. (Fourth Circuit Dkt. No. 15). Thomas's claim that the district court improperly amended the indictment through its

12

jury instructions is entirely frivolous, and Mr. Lester was not ineffective in relying upon his experience as an appellate advocate and exercising his discretion not to raise this point before the Fourth Circuit.

**II. Ground Two:** Ineffectiveness for failure to appeal the denial of motion for judgment of acquittal.

At the conclusion of the government's evidence, Thomas's trial counsel, Mr. Broadie, moved for a judgment of acquittal under Rule 29, Fed. R. Crim. P., and the motion was denied. (Dkt. No. 58). Mr. Broadie renewed the motion after the jury verdict on June 6, 2008, and the motion was again denied. Id. In his second ground for relief in his § 2255 motion, Thomas alleges that his appellate counsel, Mr. Lester, was ineffective by not appealing the district court's denial of his Rule 29 motion. More specifically, Thomas argues that the government did not prove he acted willfully, as was required, and that there was insufficient evidence to establish that he actually prepared any tax returns or intentionally violated a known legal duty. Thomas made these arguments exhaustively in pages 23 through 54 of his Pro Se Supplemental Brief submitted to the Fourth Circuit and has simply recast them as an ineffectiveness claim in his § 2255 motion. (Fourth Circuit Dkt. No. 14).

To convict under § 7206 (2), the government must prove that the actions of a defendant were willful. Aramony, 88 F. 3d at 1382. "Willfulness" in this context has been defined by the Supreme Court as "a voluntary, intentional violation of a known legal duty." Cheek v. United States, 498 U.S. 192, 201 (1991)(quoting United States v. Pomponio, 429 U.S. 10 (1976)). Thomas argues that this standard was not met because it was not enough for the government merely to prove he knew of a general duty not to assist in or prepare false tax returns. In Cheek, the Supreme Court created an exception to the general rule in the American legal system that "ignorance of the law or a mistake of law is no defense to criminal prosecution" in the enforcement of the tax laws. Cheek, 498 U.S. at 199. Thomas, however, has never claimed that he made an innocent mistake or was merely negligent in preparing the false tax returns in the indictment. He argues instead that the government offered no evidence that he was the person who actually prepared or presented the false returns, that he knew the income of the taxpayers declared on the returns was false, or that he violated a known legal duty. In effect, Thomas is still arguing the sufficiency of the evidence, even though the jury and the district court found it to be more than sufficient.

14

The district court defined the term "willfully" in its jury instructions as follows:

> The term "willfully" as used in these instructions is defined as a voluntary, intentional violation of a known legal duty. An act or failure to act is willfully done if done voluntarily and intentionally and with the specific intent to do something the law forbids, that is to say, with a purpose either to disobey or disregard the law. The Defendant's conduct is not willful if he acted through negligence, inadvertence or mistake.

(Trial Transcript, June 5, 2008, p. 99-100). This definition complied precisely with Cheek, and Thomas never objected to it or claimed it was in error.

The evidence at trial clearly showed that Thomas acted willfully. He opened a tax preparation business called Refund Recovery Group in 2003 and obtained an identification number as a tax preparer from the I.R.S. (Trial Transcript, June 5, 2008, pp. 11, 14, 15). He established a website for his firm, opened a branch office in Buffalo, New York and hired several employees. Id. at 20, 26, 28. The website advertised that Thomas had expertise in qualifying clients for the Earned Income Tax Credit and in getting refunds for them. Id. at 15-17. He met directly with clients in order to obtain their tax-related personal information. He even handed out $20 bills in public housing projects to solicit business. Id. 22, 30. Copies of up to 400 tax returns filed with the I.R.S. were found during a search of

his residence, including all but one of those listed in the indictment, and Mr. De Powell confirmed that 217 different tax refunds for clients totaling $466,811 were deposited by the I.R.S. directly into bank accounts controlled by Thomas during 2004 alone. (Id. at 34; Trial Transcript June 3, 2008, p 63). In addition, the taxpayers on the returns listed in the indictment testified that they met with Thomas and provided him with Social Security numbers and other personal information. They also confirmed that they did not give Thomas the self-employment information ultimately included by him on their Form Schedule C and used to qualify them for the Earned Income Tax Credit and a significant tax refund.

There was overwhelming evidence introduced that Thomas acted willfully and, as someone actively involved in the business of preparing tax returns, was fully aware of his duty to prepare accurate and truthful tax returns. His personal involvement in preparing the twelve returns in the indictment was irrefutably established by the taxpayers themselves. There was an abundance of evidence to establish his guilt, and the district court was absolutely correct in denying Thomas's motion for a judgment of acquittal under Rule 29. Mr. Lester saw no merit in Thomas's argument concerning the sufficiency of the evidence presented by the government and correctly decided that

16

the issue of Thomas's self-representation at trial was a far
more viable issue for appeal. Mr. Lester's decision in selecting
appellate issues was anything but ineffective, and Thomas had no
constitutional right to compel him to press certain points on
appeal if Mr. Lester, in his professional judgment, thought it
best not to pursue them. See <u>Gray v. Greer</u>, 800 F.2d 644, 646
(7th Cir. 1986)("Generally, only when ignored issues are clearly
stronger than those presented, will the presumption of effective
assistance of counsel be overcome").

    **3. <u>Ground Three:</u>** Ineffectiveness of trial counsel to object
to government's closing argument and of appellate counsel to
raise the same issue on appeal.

    In his final ground in his § 2255 motion, Thomas claims
that his trial counsel, Mr. Broadie, was ineffective for not
objecting to statements by government counsel during closing
argument concerning the truthfulness of taxpayer witnesses at
trial and to arguments made that Thomas stole the identity of
Ashley Pickett, one of the taxpayers. He also contends his
appellate counsel, Mr. Lester, was ineffective for not raising
the same points during the appeal. All of these claims, however,
were included in pages 54 through 61 of Thomas' Pro Se
Supplemental Brief to the Fourth Circuit and now have been

17

recast as ineffective assistance of counsel allegations in this § 2255 motion.

At trial, the government called as witnesses all of the taxpayers listed in the indictment. Each testified that she met with Thomas, agreed to have him file a tax return for her, and provided him with Social Security numbers and other personal information. The taxpayers also testified that they never told Thomas they had the businesses and self-employment income he reported for them on a Form Schedule C attached to their returns. In his direct examination of Thomas, Mr. Broadie asked Thomas about the testimony of the taxpayer witnesses: "So if they tell this jury that they didn't tell you income that you inputted was false, what is your recollection of how the information got on their tax returns?" (Trial Transcript June 5, 2008, p. 24). In response, Thomas stated: "If I did their tax return, I would say it's definitely a lie. I would say that it's not true." <u>Id.</u>

During closing argument, government counsel responded directly to Thomas's claim that the government's witnesses had lied, stating:

The ten ladies who talked to you were all truthful. They didn't have any reason to lie, contrary to his assertions on cross-examination ... . They didn't even know each other, that's why I asked that question over and over again. ... They never talked to each other about taxes. They never talked to

each other about Marcell [sic] Thomas. These women didn't know each other. How could they make this up if they didn't know each other? And he selected these women, not the Government. These are people he went out in the housing projects and found. And he can't come in here and complain that they're not telling the truth because they're really his witnesses, they're the people he elected to file tax returns for.

Id. at 57-58. Later during closing argument, the prosecutor said: "It's not the taxpayers making this up as he would like you to believe, it's him making it up." Defense counsel did not object to any of these statements, and Thomas now argues in his § 2255 motion that this constituted improper vouching by the government attorney and that his attorneys were ineffective for not objecting at trial and not raising it as an issue on appeal.

Government counsel may not vouch or bolster the testimony of a government witness during closing argument. United States v. Sanchez, 118 F. 3d 192, 198 (4th Cir. 1997). Vouching takes place "when the prosecutor indicates a personal belief in the credibility or honesty of a witness; bolstering is an implication by the government that the testimony of a witness is corroborated by evidence known to the government but not known to the jury." Id. Thomas, in his direct testimony, accused the taxpayers of lying when they testified that they did not provide him with the amount of self-employment income he included on their tax returns. He therefore placed the truthfulness of these witnesses directly in issue, and the statements by government

19

counsel during closing argument did not constitute vouching or
prejudice the jury in any respect. The prosecutor merely argued
that these witnesses had no motivation to lie, and he never
insinuated that his comments were "based on personal knowledge
or on anything other than the testimony of those witnesses given
before the jury ... ." <u>Lawn v. United States</u>, 355 U.S. 339, 359,
n. 15 (1958). The arguments were invited by Thomas's own
testimony at trial, and as Mr. Broadie, Thomas's trial counsel,
states in his affidavit, he did not object to the prosecutor's
arguments on this point because he did not consider them
improper since they "were directly related to Mr. Thomas'
statements on cross examination that the witnesses were lying on
him." (Attachment A, at p. 2). Similarly, Mr. Lester did not
raise this issue before the Fourth Circuit because he also
believed it was meritless. Two experienced attorneys for the
defense disagreed with Thomas that improper vouching occurred,
and their representation of him was therefore not ineffective.

Thomas also complains of Mr. Broadie's failure to object to
government counsel's statements in closing argument concerning
Ashley Pickett, one of the victim taxpayers. Evidence was
introduced that two false income tax returns had been filed in
her name and that the income tax refunds for those returns were
deposited directly into Thomas's bank accounts. During her

testimony, Ms. Pickett confirmed that she had no knowledge that Thomas had ever filed the returns until she was shown copies by an I.R.S. agent and that she had never received the tax refunds for the returns. Thomas denied that Pickett had told the truth when he was questioned on cross-examination. (Trial Transcript June 5, 2008, p. 39). During closing argument, the prosecutor made the following statement:

> And except for Ashley Pickett, who didn't even know he was going to file two tax returns in her name. As a matter of fact, he stole her identity and filed two tax returns for $2800 in refunds, which she didn't get, although he denied it, said some very unflattering things about her, he kept that money. ...

> In the case of Ashley Pickett, a legitimate preparer would never steal a 19-year-old mother's identity and file two false tax returns without her knowledge and then keep two $1400 refunds that came in on them.

(Id. at 61, 71).

Thomas claims this statement about Ms. Pickett was improper and constituted vouching as to her veracity. He again contends his trial counsel and appellate counsel were ineffective for not challenging this portion of the government's closing argument. This argument concerning the statements in closing argument about Ms. Pickett was included on page 57 of Thomas's pro se brief to the Fourth Circuit. The prosecutor's argument, however, was entirely proper, and Mr. Broadie agreed and found no reason to object. (Attachment A, at p. 1). Filing a tax return without

21

a taxpayer's knowledge or permission involves using someone's name and Social Security number without lawful authority and constitutes identity fraud or theft. In fact, Thomas was fortunate that he was not also indicted for fraud under 18 U.S.C. § 1028 (a)(7) for the two returns he filed in Ms. Pickett's name, and the prosecutor's statements that he had stolen her identity were entirely accurate. Thomas's third and final claim that his attorneys were ineffective also is frivolous and without any merit whatsoever.

CONCLUSION

The jury instructions given by the district court followed precisely the elements of § 7206 (2), and Thomas has failed to prove how the district court's inclusion of the term "other document" constituted a constructive amendment of the indictment or prejudiced him in any respect. The court also correctly instructed the jury on willfulness, and there was more than sufficient evidence that Thomas intentionally caused materially false tax returns to be filed with the I.R.S. within the meaning of § 7206 (2). The comments by the prosecutor during closing argument regarding the truthfulness of the taxpayers who testified were proper and were made directly in response to Thomas's own claim during his testimony that those witnesses had not told the truth. In addition, the prosecutor was entirely

22

correct in arguing that Thomas had stolen Ms. Pickett's identity when filing false tax returns in her name without her knowledge.

There is a strong presumption that both of Thomas's attorneys acted properly and in a professional manner, and Thomas has not proved otherwise. He has not shown that the performances of his attorneys fell below a reasonable standard for defense and appellate counsel or that the result of his trial and appeal would have been different in any respect if they had followed the course of action he now advocates. Second-guessing one's attorneys does not alone prove ineffectiveness of counsel, and Thomas's motion pursuant to § 2255 should be dismissed in its entirety.

Furthermore, this Court should decline to issue a certificate of appealability under Rule 11(a), Rules Governing Section 2255 Proceedings, since Thomas has not made a substantial showing of a denial of a constitutional right.  See 28 U.S.C. § 2253 (c)(2).

This the 7th day of May 2012.

                    Respectfully submitted,

                    RIPLEY RAND
                    UNITED STATES ATTORNEY


                    /S/ HARRY L. HOBGOOD
                    Assistant United States Attorney
                    NCSB #6209
                    United States Attorney's Office
                    Middle District of North Carolina
                    P.O. Box 1858
                    Greensboro, NC  27402
                    Phone:  336/333-5351

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7th, 2012, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and a copy mailed to:

Marcellus Thomas
No. 23954-057
FCI-Ashland
PO Box 6001
Ashland, KY  41105

Respectfully submitted,

RIPLEY RAND
UNITED STATES ATTORNEY


/S/ HARRY L. HOBGOOD
Assistant United States Attorney
NCSB #6209
United States Attorney's Office
Middle District of North Carolina
P.O. Box 1858
Greensboro, NC  27402
Phone:  336/333-5351