IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
MARCELLUS THOMAS,              )
                               )
        Petitioner,            )
                               )     1:11CV1007
     v.                        )     1:08CR3-1
                               )
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )
```

**ORDER**

This matter is before this court for review of the Recommendation filed on December 15, 2014, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 167.) In the Recommendation, the Magistrate Judge recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 151) be denied, that Petitioner's Motion for Summary Judgment (Doc. 158) be denied, and that this action be dismissed. The Recommendation was served on the parties to this action on December 15, 2014 (Doc. 168). Petitioner timely filed objections (Doc. 171) to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objections were made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation. Notwithstanding adoption of Magistrate Judge's Recommendation, this court would like to address one of Plaintiff's objections in further detail.

Petitioner's argument regarding ineffective assistance of counsel based on an alleged constructive amendment to the Indictment fails as discussed in the Magistrate Judge's Recommendation (Doc. 167), but is also wanting for other reasons. It is inconsequential to the final outcome whether or not the documents identified in the relevant counts of the Indictment as a "U.S. Individual Income Tax Return, Form 1040" or a "Schedule C" are in fact a "tax return" as that term was used in the instructions, so long as the document identified in the Indictment is a "document . . . prepared or presented under or in connection with a matter arising under the Internal Revenue laws" as the jury was instructed (see Trial Tr., June 5, 2008, Jury Instructions (Doc. 112-5) at 6). The issue as to whether or not the documents identified in the Indictment and

introduced at trial were "tax returns" arose during trial when Petitioner claimed that the documents enumerated in the Indictment (Doc. 1) and introduced at trial were not in fact tax returns, because they were not signed. (Trial Tr., June 3, 2008 (Doc. 110-2) at 33, 15-22.) Petitioner himself participated in this argument at trial. (Trial Tr., June 3, 2008 (Doc. 110-3) at 19-22.)

While that argument is without merit, if not frivolous, it does present a further issue of potential confusion for the jury regarding the Government's burden with respect to the documents identified in each count of the Indictment and introduced as evidence at trial. To avoid any misinterpretation of the Government's burden, the jury instructions included the language "tax return or other document" to clarify that whether or not the document identified in each count as a "U.S. Individual Income Tax Return, Form 1040" or a "Schedule C" was in fact a "tax return" was not a factor the jury needed to consider under 26 U.S.C. § 7206(2). (<u>See</u> Trial Tr., June 4, 2008 (Doc. 111-4) at 14-15.) It simply needed to be a "tax return or other document." 26 U.S.C. § 7206(2). Any objection by Petitioner's counsel to this instruction when it was given would have been frivolous, because the instructions were drafted to clarify this

exact issue that had been raised by Petitioner personally earlier in the proceedings.

Further, the word "documents" in no way expanded the universe of evidence the jury considered nor did it amend or enlarge the charges against Petitioner. Petitioner was indicted under 26 U.S.C. § 7206(2) with respect to "U.S. Individual Income Tax Return, Form 1040" and the related "Schedule C," defended himself against those documents and charges under 26 U.S.C. § 7206(2), and was found guilty under 26 U.S.C. § 7206(2). Petitioner has failed to show any ineffective assistance of trial counsel on this issue.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 167) is **ADOPTED.  IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 151) is **DENIED,** that Petitioner's Motion for Summary Judgment (Doc. 158) is **DENIED,** and that this action is dismissed with prejudice. A Judgment dismissing this action will be entered contemporaneously with this Order.  Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 20th day of March, 2015.

	_____
	            United States District Judge